## IDA A. COOK v. THE STANDARD LIFE & ACCIDENT INSURANCE COMPANY.

[See 84 Mich. 12.]

*Trial—Examining witnesses—Associate counsel—Absence of witnesses—Comments by counsel.*

1. Where a witness has been cross-examined by one of the attorneys for the opposing party, and excused, and is recalled, and examined on a matter not elicited on his former examination, the refusal of the court to permit the other attorney to cross-examine him upon such new matter is in accordance with the letter and spirit of Circuit Court Rule No. 63, which limits the right of examination and cross-examination to one counsel on each side.[1]

2. Before counsel can properly comment upon the absence of witnesses, there must be some facts or circumstances shown from which the jury would have the right to infer that their testimony would be important and material, and it is the duty of the court to prevent such comment, in the absence of such a showing.

3. Where, on the second trial of a case, it was shown that two witnesses, who were sworn on the first trial in behalf of the defendant, were in the city where the trial was being had, but it did not appear upon what points they were examined, and the plaintiff's counsel was permitted to comment to the jury upon their absence, the error thus committed, being the only one in the case, is held not to be of sufficient importance to justify a reversal, as the appellant could easily have shown, if such was the fact, that the witnesses were unimportant and immaterial, when the testimony was offered showing their presence in the city, and that they were sworn on the former trial.

Error to Muskegon. (Dickerman, J.) Argued June 10, 1891. Decided July 28, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

[1] See *Baumier v. Antiau*, 65 Mich. 32 (head-note 1b).

*F. W. Cook (Keena & Lightner,* of counsel), for appellant.

*DeLong & O'Hara,* for plaintiff.

GRANT, J. This case was before the Court at the October term, 1890. 84 Mich. 12. A verdict and judgment went for the plaintiff, and defendant appeals.

Two errors are assigned.

1. A witness had been examined on behalf of the plaintiff, was cross-examined by one of defendant's counsel, and then excused, defendant reserving the right to cross-examine further on some documents which counsel did not then have. Subsequently the same witness was recalled on behalf of the plaintiff, and examined on a matter not elicited on his first examination. The other counsel for defendant demanded the right to cross-examine the witness, but the court refused to permit it.

Circuit Court Rule No. 63 reads as follows:

"On the trial of issues of fact, one counsel only on each side shall examine and cross-examine witnesses."

We find no error in this ruling. It was in accordance with the letter and spirit of the rule.

2. Counsel for plaintiff, in his argument to the jury, commented upon the fact that two witnesses, who had been sworn upon the former trial, had not been called by defendant. It was shown that these witnesses were then in the city of Muskegon, where the court was held, and were laboring under no disability. It did not appear upon the trial what points these witnesses had been examined on upon the former trial, and defendant's counsel, therefore, claim that it was error for plaintiff's counsel to comment upon the fact of their absence, because they were not shown to be important or material.

It is true that, before counsel can properly comment upon the absense of witnesses, there must be some facts

or circumstances from which the jury would have the right to infer that their testimony would be important and material, and it is the duty of the courts to prevent such comment, in the absence of such testimony. When the testimony was offered by plaintiff, showing the facts above stated in regard to these witnesses, the defendant could easily have shown, if such was the fact, that they were unimportant and immaterial.

Under the circumstances, this being the only error in the case, we do not think it of sufficient importance to justify a reversal of the case.

Judgment affirmed.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. McGRATH, J., did not sit.