BANKERS LIFE ASSOCIATION v. SARAH G. LISCO.

FILED MARCH 3, 1896.    No. 6340.

1. **Life Insurance:** WRITTEN APPLICATIONS: MISREPRESENTA-
    TIONS: EVIDENCE OF ORAL STATEMENTS.    In an action
    upon an insurance contract in the nature of a life in-
    surance policy, the defendant, having alleged that the
    misrepresentations upon which it had acted to its own
    disadvantage were contained in the written application
    of the assured, was properly held not entitled on the
    trial to show what oral representations the insured had
    made to a physician at the time the examination was
    being made with a view to the approval or rejection of
    the insurance applied for.

2. ——: ——: AFFIDAVITS: CONTRADICTORY EVIDENCE.
On the trial of an action for the recovery of the amount
of a life insurance policy, an affidavit of the beneficiary,
which tended to show that, contrary to the representation
of the assured in his application, said insured had been
subject to epileptic fits, it was proper to permit such
affiant to show that she never knowingly subscribed to
or made the statements in the affidavit contained.

3. **Misconduct of Attorneys:** OBJECTIONS: WAIVER OF ERROR.
Alleged misconduct of the counsel in the course of the
trial in the district court, to which no objection was
ruled upon, and as to which ruling consequently no ex-
ception was taken, cannot be considered in the supreme
court. Following *Gran v. Houston,* 45 Neb., 813.

ERROR from the district court of Douglas
county. Tried below before FERGUSON, J.

*Gregory, Day & Day* and *Sullivan & Sullivan,* for
plaintiff in error.

*Cowin & McHugh, contra.*

RYAN, C.

In this action in the district court of Douglas
county the plaintiff in that court recovered judg-
ment upon a verdict in her favor in the sum of
$2,341.97. To reverse this judgment the Bankers
Life Association, the judgment defendant, prose-
cutes error proceedings in this court.

Sarah G. Lisco, the defendant in error, was the
wife of John Lisco, who, on October 28, 1889, ef-
fected an insurance upon his life by becoming a
member of the aforesaid Bankers Life Associa-
tion. On the 28th day of November, 1889, John
Lisco died, and the present action was rendered
necessary by the refusal of the plaintiff in error to
pay the amount to which the defendant in error

was apparently entitled by the terms of the contract under which its membership had been bestowed upon the deceased. In brief, the refusal to make the payment was, as stated in the answer, because of misrepresentations of John Lisco as to the history and condition of his health and as to his habits, which were made in his application for membership as aforesaid. In respect to his habits it was alleged by the answer that the drinking of wine, spirits, or malt liquor had been falsely represented by the applicant not to be with him a daily habit. It was further alleged that by his excessive use of intoxicating liquors after he became a member of said association John Lisco forfeited his rights as such member. In respect to the applicant's health and the true history thereof it was by answer averred that he was subject to epileptic fits, which fact he failed by his application to disclose, though one question therein answered falsely by him should have disclosed that fact had it been answered truly. By the answer it was furthermore alleged that the death of John Lisco was caused by an epileptic fit, and that by the terms of the express conditions of the contract between the Bankers Life Association and John Lisco the above misrepresentations rendered void the claim of the defendant in error.

The evidence as to whether John Lisco was in the daily habit of using intoxicating liquors was very contradictory, and, therefore, the special finding of the jury upon that proposition cannot be disturbed. There was also evidence from which the jury might have inferred that John Lisco had been subject to epilepsy for some years before he made application for membership in the Bankers Life Association, but there was no evi-

dence that his death was caused by epilepsy. There was an apparent preponderance contrary to the showing that he had ever been subject to epilepsy, and upon this the special finding cannot be disturbed.

Of the evidence tending to establish the affirmative of the proposition last above referred to, one portion was an affidavit made by Sarah G. Lisco, the defendant in error, on January 11, 1890, in which was the following language: "I am the wife of the deceased, John Lisco, and my lamented husband has not, to my knowledge, had an epileptic fit for the last five or six years, and no other sickness, only occasionally that of sick headache, and, prior to that time not to exceed two or three fits a year—some years not any at all." This affidavit, it would seem, was sent to the Bankers Life Association at Des Moines, Iowa, and was introduced in evidence in connection with a deposition of one of the officers of the aforesaid association. It is insisted that there was error in permitting Mrs. Lisco to testify as to the ill-health with which she was suffering at the date of said affidavit, and that she never knowingly subscribed or swore to the above quoted statements. We have had called to our notice, and have been able to discover, no good reason why Mrs. Lisco should not have been permitted to deny these statements imputed to her. The weight to be given such denial was solely a question of fact to be considered by the jury.

The matters of defense pleaded in the answer to avoid the alleged liability of the plaintiff in error were all predicated upon written statements made in the application of Lisco. It was therefore improper to prove that oral statements were made by Lisco to the medical examiner outside the writ-

ten matters pleaded as aforesaid for the purpose
of obtaining insurance,—at least, we are unaware
of any theory on which such evidence could be
competent, and upon this point there was no at-
tempt to enlighten by offers of what the proposed
testimony would disclose, if permitted to be given.
The district court therefore properly sustained an
objection to the question propounded as to what
these statements were, which were made to the
medical examiner, and which were not included in
the written application.

It is urged in the petition in error that the court
erred in failing to state to the jury that in the
answer it was pleaded that John Lisco warranted
his statements in the application to be true.   It
may be that the force of this objection is not
clearly understood, but it does seem to us that
plaintiff in error has no just cause of complaint in
view of the following considerations: The court in
describing the answer used this language: "The
defendant claims in its answer that the said Lisco
in his application for insurance misrepresented,
and made untrue answers of his physical condi-
tions, and that by reason thereof said certificate
had become null and void." The certificate re-
ferred to in the above instructions, in so far as it
should be considered in this case, was described in
the pleadings, and throughout the trial was
treated as performing the same offices as are ordi-
narily performed by an insurance policy.   In the
first, fourth, and sixth instructions given upon the
request of the plaintiff in error the jury were in
express terms told that the several representa-
tions amounted to warranties, and we cannot see
why any failure in the description of the issues in
this respect raised by the answer was not cured,

if indeed a fuller description thereof was necessary, which we greatly doubt.

To instructions 1, 2, 3, and 4, given by the court upon its own motion, a single exception, in gross, was taken, and in the motion for a new trial the same method was pursued. Although by the amended petition in error the correctness of the particular instruction given by the court numbered 2 is challenged separately from any other, we are not justified in overlooking the above described previous grouping of the instructions, and, as some of them were undoubtedly given properly, we cannot consider whether or not there was error in giving instruction numbered 2, separately assailed by the amended petition in error.

It is finally urged that there was misconduct upon the part of the counsel for the defendant in error, as asserted, in presenting as facts a whole series of matters which were outside the record, were not embraced in any evidence, and in reality were untrue. While the fact that objection was made to this language was recited in the affidavit, in which alone is there found any reference to this part of the trial, there was no ruling upon or exception as to such ruling taken by the plaintiff in error. This was indispensably necessary to secure a review of alleged errors of this nature. (*Gran v. Houston*, 45 Neb., 813.)

There being discovered no prejudicial error in the record, the judgment of the district court is

AFFIRMED.