EDWIN E. CATRON v. STATE OF NEBRASKA. ·

FILED OCTOBER 6, 1897.    No. 9032.

52  389
62  516

1. **Continuance: ABSENT WITNESS: AFFIDAVIT: ADMISSIONS.** Where
the adverse party admits that witnesses, if present, would testify
as stated in an affidavit for a continuance, and the party present-
ing such affidavit afterwards reads such statement in his affi-
davit as evidence to the jury, there is presented no ground for a
reversal of the final judgment of the trial court because of its
refusal to grant the continuance asked.

2. **Criminal Law: SUBSTITUTION OF JURORS: REVIEW.** After a jury
had been selected and sworn, but before the trial had begun, one
of the jurors in open court asked to be excused from serving be-
cause of sickness in his family. In the presence of the accused,
and without objection from him, his counsel consented that the
juror's request might be granted, and accordingly he was ex-
cused and another person served in his stead. *Held*, That these
circumstances presented no sufficient grounds for the reversal of a
judgment upon conviction of the accused.

3. ———: **TRIAL: STATEMENT AS TO FACTS NOT IN EVIDENCE: IN-
STRUCTIONS.** Where a party has improperly stated to the jury a
fact concerning which there is no evidence, he cannot, as a matter
of right, demand that the trial court instruct the jury that im-
proper or unjustifiable comments made by opposing counsel with
reference to such facts must not be considered.

4. ———: ———: **IMPROPER STATEMENTS OF COUNSEL: REVIEW.**
Where there was no objection made or exception taken to a rul-
ing on an objection, in respect to alleged improper statements of
opposing counsel to the jury in the trial court, there can be no
prejudicial error predicated in this court upon the impropriety
of such statements.

5. ———: **REASONABLE DOUBT.** An instruction with reference to the
definition of reasonable doubt, which follows the ruling of this
court in *Barney v. State*, 49 Neb., 515, is approved.

ERROR from the district court of Sheridan county.
Tried below before KINKAID, J.   *Affirmed.*

· *R. C. Noleman, C. Patterson, W. W. Wood,* and *Sullivan &
Gutterson,* for plaintiff in error. ' ·

*C. J. Smyth,* Attorney General, *Ed P. Smith,* Deputy Attor-
ney General, *C. E. Woods,* and *M. F. Harrington,* for the
state.

RYAN, C.

The plaintiff in error in this case was convicted of having stolen and feloniously driven from Sheridan county certain cattle of the alleged value of $189. From the judgment of the district court of said county on this verdict these proceedings have been prosecuted, whereby there have been presented for our consideration the questions to which attention will now be directed.

It is insisted that there was not sufficient evidence to sustain the verdict. In the brief of counsel this contention is directed particularly to the alleged insufficiency of the proof that the offense was committed in Sheridan county by driving the cattle therefrom. The theory that these cattle may have drifted of their own volition into another county had some support in the evidence, but we are satisfied that the jury was justified in finding that the taking was from Sheridan county. It is true that no one was able to testify to this fact as one within his own knowledge. It is, however, shown quite satisfactorily that these cattle were in Sheridan county when last seen by any one having charge over or an interest in them, and when their whereabouts are next disclosed these cattle were in possession of the plaintiff in error and another person outside of Sheridan county. At this time plaintiff in error, under an assumed name, was claiming to be the owner of the stolen property, and was making false and contradictory statements as to how he had become such owner and from whence with the stock he had come. While from the nature of the case the proof was circumstantial in its character, it was none the less convincing in its effect, and the plaintiff in error should not be permitted to escape merely because for the commission of this crime he chose a time when no one could observe his movements.

It is complained that applications for a continuance were overruled. In the affidavits submitted in support of the applications there were statements as to the facts

which absent witnesses would, if present, swear to. The state offered to consent that these statements might be read as evidence and that the court should instruct that the statements were to be considered by the jury as though orally uttered by the proposed witnesses. The applications for a continuance were overruled and on behalf of the plaintiff in error the statements were read to the jury. There was no error in overruling the applications for a continuance under the circumstances. (*Fanton v. State*, 50 Neb., 351.)

It is urged that there was error in excusing a juror after the panel had been completed and the jury had been sworn but before the trial had begun. It is shown by the record that at this juncture the juror asked to be excused because of sickness in his family, and counsel for plaintiff in error in his presence in open court consented to this request of the juror being granted. Thereupon a talesman was called into the jury box and sworn as a juryman and so served without objection. There has been pointed out no prejudicial error and we can conjecture none with reference to completing the panel in the manner indicated under the circumstances disclosed.

It is urged that there was error in the admission in evidence of a certified copy of a part of the records of Cherry county as showing the brand of the owners of the stolen cattle because, as now claimed, there was no evidence that such brand was the brand of the parties indicated. There was abundant testimony that the spade and cross "T" was the design with which cattle were branded to show the ownership in question, and the certified copy of the said record disclosed these distinctive marks as they had been described by the witnesses. This sufficiently met the objection now urged.

By affidavits in support of a motion for a new trial there were described various alleged irregularities in the course of the trial. One of these transactions is thus described by Mr. Sullivan in his affidavit, he being one of the attorneys for the accused: "Affiant in his argument

of the cause to the jury referred to the fact that certain witnesses for the state had admitted that they had already received a reward of $250 each for the arrest of the defendant, and were to receive certain other rewards if the defendant was convicted, and further called the attention of the jury to the fact that these same witnesses were now in the court room and had remained over Sunday after the evidence was closed on Saturday, and were now anxiously awaiting the verdict, upon which depended their future reward; that Harrington, of the counsel for the state, in his closing argument for the state to the jury, referring to the argument of affiant, said, 'My friend has referred to the fact that these foreign witnesses have remained here,—has asked why they still remain. I'll tell him. It is because we thought some of the jury was, or might be, fixed by the defense, and that the jury would therefore fail to agree, and if so we propose to try this case again at once, and have kept these witnesses here for that purpose;' that affiant immediately objected to this statement and asked the court to instruct the jury that they should not consider the same, whereupon the court said the statement was improper, but did not instruct the jury not to consider the same." It is not to be questioned that the district court was correct in saying that the language of Mr. Harrington was improper, and the same criticism was applicable to some of the statements of Mr. Sullivan as described in his own affidavit. Under the circumstances the remarks with which the opinion in *Stratton v. Dole*, 45 Neb., 472, closed are not entirely inapplicable and uninstructive. The statements of Mr. Sullivan were with reference to the delay of witnesses in taking their departure from the place of trial. This delay was not shown by evidence, its existence as a physical fact was called to the attention of the jury by Mr. Sullivan himself. The statement of Mr. Harrington admitted that the witnesses were present and had remained over Sunday, and this fact was therefore established. The trial court should hardly be required to cau-

tion the jury against an unwarrantable inference which
they might draw from a fact improperly stated by the
complaining party.    As to the remainder of the remarks
of Mr. Harrington, it had reference to an intention to take
a defined course of conduct in a certain event.    As to this
it could have subserved no useful purpose to tell the jury
that they should not consider this statement as having
the weight of evidence.    If the jurors resented the impu-
tation contained in the remark of counsel, and evidenced
that resentment by a verdict of acquittal, we cannot see
that this unwarranted course would be one of which the
accused could complain.    At any rate there was no ob-
jection made or exception taken to the failure to do more
than characterize the remarks of counsel as improper,
hence under this head there was no available ground of
error.    (*Gran v. Houston*, 45 Neb., 813; *Bankers Life Ass'n
v. Lisco*, 47 Neb., 340.)    There were other statements of
Mr. Harrington recited in the affidavit of Mr. Sullivan,
but as there was no exception to the ruling or the failure
to rule on the objection presented these objections are not
now available.

It was shown by affidavit that when the jurors were
called into the court room for the purpose of being asked
if they were not likely to agree, one of the jurors was not
present for some time, and of this absence complaint is
now made.    There were conflicting affidavits with refer-
ence to this matter, and the court must have concluded
that, as claimed, the missing juror was asleep when the
others were called out of the jury room and that during
his separation from the others this juror was by himself
safely locked in the jury room.    We cannot say, in view
of the conclusion of the trial court with reference to mat-
ters which, in part, must have occurred in the court
room that the accused was prejudiced in his rights by
the failure of the juror to come into the court room with
his associates immediately upon being called.

In the third instruction given by the court there was
this language: "This defense of alibi is a legitimate de-

fense, and if from a consideration of the evidence you should be convinced that the defendant was not in this county at the time when it is claimed the cattle in question were stolen, or if you entertain a reasonable doubt as to his whereabouts at that time, he would be entitled to an acquital on this defense of alibi." It is urged that this instruction, by the use of the words "If from a consideration of the evidence you should be convinced," imposed upon the accused the task of convincing the jury that he was not in Sheridan county when the offense was committed. This construction ignores the clause which immediately follows that above, quoted from, whereby the jury were instructed that if they entertained a reasonable doubt as to the whereabouts of the defendant he should be acquitted. This language was contained in a single instruction and the propositions were in the alternative, hence there is no applicability of the rule invoked, that an erroneous instruction cannot be cured by giving a different instruction on the same subject, though such instruction may be abstractly correct. The further criticisms of the instructions of the court were of the same character as those considered in *Barney v. State,* 49 Neb., 515, with reference to the proper definition of the term reasonable doubt. It would be unprofitable to do more than merely refer to the discussion in the case cited, for the instruction in that case is in the same language as that criticised in the case at bar.

It is finally urged that the punishment is excessive. The value of the property stolen was found by the jury to be $50, and the term of imprisonment was fixed by the court at seven years. The maximum imprisonment permitted by statute is ten years in this class of cases, and we cannot say that there was error justifying a reversal of the judgment complained of, because of the punishment being excessive.

There is found no error in the record and the judgment of the district court is

AFFIRMED.