CHARLES E. SUMMERS, SHERIFF, v. W. A. SIMMS ET AL.

FILED MAY 17, 1899. No. 8906.

| 58 | 579 |
| 60 | 557 |
| 60 | 568 |

1. **Trial: RIGHT TO OPEN AND CLOSE.** The party who would be defeated if no evidence were given on either side must be allowed to open and close the introduction of evidence and arguments to the jury.

2. ———: ———: REPLEVIN: DAMAGES. In an action of replevin in which the petition alleged damages in the sum of $300 for the unlawful detention of the property, the answer admitted that but for the affirmative matters of defense pleaded therein the plaintiffs would be entitled to judgment, inclusive of nominal damages, or in the sum of one cent. Without deciding the applicability to actions of replevin of the general rule of the right to open and close, *held*, that inasmuch as the plaintiffs' right to damages as pleaded was of issue, they were entitled to open and close even if the rule was enforced.

3. **Instructions: REVIEW: REPLEVIN.** Instructions requested and given and asked and refused examined, and the action as to each determined without error.

4. **Evidence: VERDICT.** The evidence *held* sufficient to sustain the verdict.

5. **Misconduct of Counsel: REVIEW.** Alleged misconduct of counsel, consisting of statements during argument to the jury, to be available on review must be made the subject of an objection at the time, a ruling obtained, and exception taken thereto, and the portion of the proceedings incorporated in the bill of exceptions.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J. *Affirmed.*

*John D. Carson, Robert J. Sloan, Ellis, Reed, Cook & Ellis,* for plaintiff in error.

*W. C. Sloan, contra.*

HARRISON, C. J.

During the early part of the year 1890 an arrangement was effected by which certain parties, inclusive of the defendants in error, respectively executed and delivered to one John H. Wright their promissory notes, those of defendants in error being each in the sum of $100. All the notes aggregated in amount $1,950. Wright at the time to which we have referred was possessed of very little property and no available capital and desired to engage in a general retail mercantile business at Strang, this state, and the notes were given to enable him to obtain the funds or credit necessary to put into active existence his business intentions and wishes. The obligations were deposited in a bank which furnished him $1,300 in money to use in the purchase of goods. Whether the notes were given and deposited for the purpose of securing a loan solely, or with the further design of inducing parties of whom Wright should order goods to allow him credit and partially for the benefit of such parties, was one of the issuable questions of this action. In May or June, 1890, the projected business venture was effectuated and became an actuality, and continued until the 6th day of the month of February, 1891, when a transfer of the stock of goods which Wright then had was made to the defendants in error. Wright had purchased goods of a number of wholesale houses or firms on credit, and for each of several of such creditors an action was instituted, in which a writ of attachment was procured to issue and a levy of it was made on the stock of goods. For the defendants in error this, a suit of replevin, was commenced and the goods were taken under the writ and delivered to them. The action was prosecuted to a judgment, which in an error proceeding to this court was reversed and the cause remanded to the district court for further hearing. For report of the opinion then filed see *Simms v. Summers*, 39 Neb. 781. In said opinion is a full statement of the matters of controversy, to which

we now refer for such incidents of it as we have omitted at this time. From another judgment of the trial court this proceeding has been prosecuted.

In the answer in the district court for plaintiff in error it was admitted that but for the affirmative matters of defense set forth in the answer defendants in error would have been at the commencement of the suit and at all times entitled to the immediate possession of the goods or property, also entitled to judgment against the plaintiff in error for the costs of the suit, and for damages in the sum of one cent for the wrongful detention of the goods. The substance of the affirmative pleas of the answer was in regard to a transfer of the stock of goods by John H. Wright to the defendants in error and that the transfer was fraudulent as to his creditors and void.

At the trial counsel for plaintiff in error (the sheriff) asserted the right to open and close the introduction of evidence and arguments to the jury. This was denied, and that it was refused is the chief complaint at this time. The petition contained a plea, in general terms ordinarily employed in replevin actions, of the right of defendants in error to the immediate possession of the goods and for damages in the sum of $300 for unlawful detention. The reply was a general denial of the allegations of new matter in the answer. That the party to an action who, from the state of the issues joined, if no evidence is introduced, will suffer a judgment is entitled to open and close the evidence and arguments, is a right given by statute (Code of Civil Procedure, sec. 283), and it is substantial error to deny the right, but whether applicable in action of replevin we are not called upon in this case to decide. In the case of *Bixby v. Carskaddon*, 29 N. W. Rep. [Ia.] 626, it was said: "The plaintiff claims to have purchased the goods in controversy of one Billings, and the defendants pleaded that such purchase and sale was made to hinder and delay the creditors of Billings, and was therefore fraudulent. (1.) Prior to the last trial the defendants filed a pleading, admitting that the

plaintiff was in possession of the property in controversy, and that he was rightfully entitled to such possession; that the detention of the goods by the sheriff was wrongful, and that the plaintiff was damaged in the sum claimed in the petition unless his purchase from Billings was fraudulent, and all other defenses except this were withdrawn. Thereupon the defendants claimed the right to open and close the case, and assumed the burden of proof. Their claim in this respect was objected to by the plaintiff, but the court sustained it, and this action of the court is assigned as error. Under the issue the plaintiff was not required to introduce any evidence, and was entitled to judgment for all he claimed, if the defendants failed to establish the fraudulent character of the sale as pleaded. The burden was therefore upon the defendants, and they had the right to open and close the case." In the case at bar the answer admitted the damages in the sum of one cent, but the petition asserted damages to the amount of $300, and under this plea the defendants in error might have introduced proof of substantial damages; hence of the issues joined there was one at least to sustain which the defendants in error would have been obliged to produce evidence. This being true, this complaint is without force. To make their case as pleaded there was something for the defendants in error to prove, and they were entitled to open and close. (Code of Civil Procedure, sec. 283; 1 Thompson, Trials, secs. 228, 229.)

It is argued that the court erred in charging the jury as requested by defendants in error in the instructions numbered 3 and 7. These were both pertinent to the issues and evidence adduced, also within the doctrine of the opinion filed in the case at its former hearing, and not open to the objections urged against them. There was prepared for plaintiff in error an instruction numbered 8, and it was requested that it be given in the charge to the jury and this was denied. It is complained that this refusal was an erroneous one. The instruction

grouped certain facts and stated that if the jury believed from the evidence in the existence of such facts, then the verdict should be for the plaintiff in error. The instruction tendered treated prominently of at least one fact, and made it elemental of the conclusion which was to be drawn from this and other facts conjointly, viz., that the transfer of the goods by Wright to defendants in error was fraudulent, and the subordinate fact to which we have reference could in no event assume the importance or have the effect which it was stated it might. There was also asked a clear invasion of the province of the jury, since the question of fact—that of fraud in the transfer—was for that body to determine, and not for the court.

There is also argued an objection to the sixth instruction given in compliance with the request of defendants in error. This portion of the charge was in relation to the memorandum of agreement which had been introduced in evidence, and with regard to the force and effectiveness of which there was what is not inaptly termed a collateral issue, to be determined from the evidence which bore directly thereon, and the jury was directed that unless its forceful existence had been shown it might be excluded from consideration of the main issues to the extent it might therein affect the view to be adopted of the conduct of the defendants in error in the transaction involved in the litigation. Under the evidence on the subject it was not improper to instruct the jury that it might first determine whether the asserted agreement ever in fact had an existence; and if not, to drop it from further consideration.

It is complained that the ninth instruction asked for defendants in error was erroneous. This portion of the charge embodied the proposition that even if the jury believed that the defendants in error had agreed to the memorandum or to sign it, yet they might, notwithstanding that fact, deal with Wright and purchase the goods as any other person might have done. This was directly

within the doctrine announced in the former decision in the case and was moreover entirely correct.

A further contention is that the verdict is not sustained by the evidence. It appears from statements in the briefs that there have been three trials, one of which resulted in a verdict and judgment for the plaintiff in error, one in a disagreement of the jury, and one in a verdict and judgment for the defendants in error. The evidence was conflicting on some of the main points, and from a review of it we cannot say that a verdict for either party would lack sufficient to support it. The differing results of the three trials disclose very clearly that different minds would reach opposite conclusions from the evidence. The verdict will not, for the reason here urged, be disturbed.

It is also urged that there was misconduct of the counsel for defendants in error during the argument to the jury. This is attempted to be brought into the record by an assignment in the motion for a new trial and by affidavits in which are detailed what it is claimed constituted the misconduct, a statement which was, but should not have been, made to the jury. To obtain a review of this there should have been an objection at the time, a ruling thereon, exception thereto, and the portion of the proceedings made of the bill of exceptions; as it is not so presented, it is not available. (*Gran v. Houston*, 45 Neb. 813; *Bankers Life Ass'n v. Lisco*, 47 Neb. 340.) The judgment of the district court must be

AFFIRMED.