CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. LEO KRAYENBUHL.

FILED JANUARY 21, 1904. NO. 13,339.

1. **Review:** CHALLENGING JUROR. It is only where all peremptory challenges have been exhausted by the party complaining that a ruling of the trial court upon a challenge of a juror for cause can be reviewed.

2. **Evidence.** Rulings of the trial court in the admission of evidence examined, and *held* not prejudicial.

3. **Depositions.** Where from the deposition of a witness it appears that he is a nonresident of the county, it is unnecessary for the party offering the deposition in evidence to prove that such witness is not present in court or in the county.

4. **Trial.** In an action for personal injury, it is not error to permit plaintiff to exhibit his injured limb to the jury. .

5. ———: Argument of Counsel. It is customary to permit attorneys to comment upon the absence of witnesses, or their nonproduction, when they are shown to be cognizant of the facts in issue. It is a mere matter of argument, and may be discussed by either side, trusting to the good sense of the jury to properly estimate the value of such arguments.

6. ———: ———: Exceptions.  Alleged misconduct of counsel in addressing the jury must be objected to when the language is used, and a ruling of the trial court procured on such objection, and an exception saved to the ruling, to make the objection available in this court.

7. **Instructions.** Action of the trial court in giving and refusing instructions examined and approved.

8. **Remittitur.** In an action for personal injuries, where substantial damages are proved, but the verdict of the jury appears to be excessive, the error may be corrected by a proper remittitur of the excess directed by the district court, or by this court on a proceeding in error.

9. ———. Quantum of damages examined, and *held* excessive, and a remittitur of $3,000 directed.

Error to the district court for Merrick county: Conrad Hollenbeck, Judge. *Affirmed upon condition.*

*John Patterson, J. W. Deweese* and *F. E. Bishop,* for plaintiff in error.

*Matthew Gering, contra.*

Oldham, C.

This same case was heard in this court on a former trial, and the opinion is reported in 65 Neb. 889. On a retrial plaintiff again had judgment and defendant brings error a second time to this court. · The opinion, *supra*, contains a careful and concise statement of every material fact involved in the controversy and renders a further statement unnecessary. The evidence at the last hearing differs on no material question from that reviewed and commented on in the former opinion. It is true that at the last hear-

ing the testimony did not show that a cow owned by plaintiff's father was picketed in close proximity to the turntable. This, however, was but one circumstance commented upon for the purpose of showing that children were accustomed to resort to the turntable and the lack of this circumstance is fully supplied by other and positive testimony of numerous witnesses that children did, and for two or three years before the injury complained of had been resorting to the turntable and playing at, around and upon it with the knowledge of the foreman of the roundhouse whose duty it was to keep the turntable securely locked when not in use; consequently, the question of the liability of defendant under plaintiff's testimony for the injury received is no longer an open one, but is now within the rule of the "law of the case" as determined by this court at the former hearing. We will therefore confine ourselves in this opinion to the question of alleged errors occurring in the trial of the cause.

The first question called to our attention is of the alleged incompetency of a juror because of his ignorance of the English language. Without expressing an opinion as to whether the examination of this juror showed such an imperfect knowledge of the English language as to disqualify him from service as a juror, it is only necessary to say that the record does not show that all peremptory challenges were exhausted by the defendant, and in the absence of such a showing the ruling of the trial court upon a challenge of a juror for cause can not be reviewed here. *Bartley v. State*, 53 Neb. 310, 331; *Burnett v. Burlington & M. R. R. Co.*, 16 Neb. 332.

Complaint is next made of the action of the trial court in permitting witness Krayenbuhl and others to testify from a map of the ground that had been drawn showing the location of the tracks, turntable and other structures by giving the distances on the map. The map in question appears from the testimony of Krayenbuhl to have been made by himself and his attorney. Krayenbuhl testified that he made the actual measurements from the different

points and knew them independently of the map. He did not, however, make the scale nor actually draw the map. We are not pointed to any prejudice that resulted from this testimony nor is it claimed that the map was incorrect or misleading in any respect; consequently, even if the rule of the court permitting Krayenbuhl and Fiddler to testify from the map were technically erroneous, which we do not decide, it would be at most error without prejudice.

Another objection is urged to the action of the trial court in permitting one of plaintiff's witnesses to testify that it was the duty of William Young, the roundhouse superintendent, to lock the turntable and in his absence it was the duty of the station agent, Green, to do so. The evidence was but a repetition of the rule of the company with reference to locking the turntable which had been admitted in evidence without objection; consequently, while the evidence was cumulative and unnecessary it was in no wise prejudicial; besides this, other witnesses testified to substantially the same facts without objection.

It is next urged that the court erred in admitting the deposition of Nellie Kennedy, one of plaintiff's witnesses, because there was no showing that she was not present in the court room or in the county at the time of the trial. The deposition of this witness was taken at Sioux City, Iowa, and in it she states that she did not expect to reside in Merrick county, Nebraska. The rule is well established in this state that where from the deposition of the witness it appears that he is a non-resident of the county, it is unnecessary for the party offering the deposition in evidence to first prove that the witness is not present either in the court room or the county. *Sells v. Haggard & Co.,* 21 Neb. 357.

It is next urged that the court erred in permitting plaintiff to exhibit his injured limb to the jury and in permitting him to sit near the jury and weep during the close of the argument of his counsel. It is contended that as defendant did not deny that the plaintiff had sustained a loss of

his foot that it was entirely unnecessary to exhibit the maimed limb to the jury. Such action, however, regardless of the issues, is permitted in nearly all jurisdictions, and this court has looked with approval on this practice. *Omaha Street R. Co. v. Emminger,* 57 Neb. 240. We think it would be indeed a very harsh rule that would compel a plaintiff to withdraw from the presence of a jury during the closing argument of his counsel, even though a reference to his maimed condition might naturally cause him to weep. Objections of this nature are little favored in American courts. *Hess v. Lowery,* 122 Ind. 225; *Selleck v. Janesville,* 100 Wis. 157, 41 L. R. A. 563; Abbott, Trial Brief, p. 308.

It is next urged that the verdict reached was a quotient verdict. The evidence, however, preserved on this question clearly fails to sustain the objection. The affidavits of the jurors filed on this question deny specifically any agreement in advance to be bound by any quotient verdict or that the quotient found was the verdict finally rendered. In fact the testimony shows that the jurors did divide by 12 the total found by adding together the amount each one proposed as a verdict, but without any agreement to be bound by the quotient; that when this division was made the quotient found was $16,000, and that objection was made in the jury room to returning this verdict and it was raised by common consent from $16,000 to $18,000. *Cortelyou v. McCarthy,* 37 Neb. 742.

Complaint is next urged against the conduct of plaintiff's counsel in addressing the jury. It appears from the record that in the opening address plaintiff's counsel said to the jury: "I want to ask these gentlemen why they do not produce this man Young?" Defendant objected to these remarks, and plaintiff's counsel reiterated the interrogatory, saying, "So these gentlemen will have their record, I will repeat it again, why do they not produce this man Young?" The court said in ruling on the objection: "I think it is fair that it be tried according to the evidence, still it is hard to remember all the evidence in the trial of a

case." It is contended in defendant's brief that the use of this language by plaintiff's attorney and the refusal of the court to rebuke counsel and withdraw the language from the consideration of the jury was highly prejudicial to defendant. The question to be determined is: Had plaintiff's counsel a right to comment on the fact of defendant's failure to produce the witness Young? It will be remembered that Young was the foreman of the round-house near the turntable, and was primarily charged under the rules of the company with keeping the turntable locked when it was not in use. Plaintiff proved without objection on the part of defendant that Young had testified at the former trial of the case. He also proved the position held by Young at the time of the injury and that Young was residing in Merrick county at the time the last trial was had. We think the correct rule with reference to the privilege accorded attorneys in arguing a case to a jury to comment on the nonproduction of witnesses by the adverse party is well stated by the supreme court of Texas, in *Missouri P. R. Co. v. White,* 80 Tex. 202, when it says: "It is customary to permit attorneys to comment upon the absence of witnesses or their nonproduction, when they are shown to be cognizant of the facts in issue. It is a mere matter of argument, and may be discussed by either side, trusting to the good sense of the jury to properly estimate the value of such arguments." Of like effect are the holdings in *Huckshold v. St. Louis, I. M. & S. R. Co.,* 90 Mo. 548; *Sesler v. Montgomery,* 78 Cal. 486; *Cook v. Standard Life & Accident Ins. Co.,* 86 Mich. 554. Other alleged misconduct of plaintiff's counsel in his address to the jury is criticised in defendant's brief, but no objection appears to have been made to the language said to have been used during the time counsel addressed the jury. The language was first called to the attention of the trial court by affidavits filed in support of the motion for a new trial. To have obtained a review of this conduct there should have been an objection made at the time, a ruling thereon, exception thereto, and the proceedings preserved in the bill

of exceptions; otherwise such alleged error is not available
on review in this court. *Summers v. Simms,* 58 Neb. 579;
*Bankers Life Ass'n v. Lisco,* 47 Neb. 340.

Objection is urged to the action of the trial court in
giving the 6th paragraph of the instructions on its own
motion. The objection, however, is founded on an error
in copying the instruction into the original transcript;
an additional transcript was filed which corrected this
error, and the corrected copy of the instruction is conceded
to be correct.

Instruction No. 7 is criticised for its definition of the
term negligence, but the definition contained in the in-
struction has been approved by this court in numerous
cases. *McGraw v. Rock Island & P. R. Co.,* 59 Neb. 397;
*Omaha Street R. Co. v. Craig,* 39 Neb. 601, 617; *Kearney
Electric Co. v. Laughlin,* 45 Neb. 390, 404.

Technical objections of much the same nature as these
just considered are urged against most of the instructions
given by the court, but we have examined the instructions
carefully and believe that they fairly and fully presented
to the jury every question involved in the controversy;
that they submitted defendant's theory of the case as
favorably as the law and evidence would warrant; that in
directing the jury, the learned trial judge carefully fol-
lowed the former opinion in this case, and that there is
neither technical nor reversible error in the court's action
in this particular.

It is finally urged that the verdict of the jury awarding
plaintiff $18,000 damages is so excessive as to suggest that
it was the result of passion and prejudice, and for this
reason the verdict should have been set aside by the trial
judge instead of having it reduced by a remittitur. When
the verdict of the jury was returned the court in disposing
of defendant's motion for a new trial directed a remittitur
of $6,000 from the amount found by the jury, and on a
remittitur being entered, judgment was rendered against
the defendant for $12,000, and it is urged that the judg-
ment, even after the remittitur, is still so clearly excessive

that a new trial should be granted. No authority, however, is cited to sustain this contention. In fact the rule seems to be so well settled in this state that where an actual and substantial damage is proved in an action for personal injuries and the amount of the verdict of the jury appears to be excessive, a remittitur may be directed either in the district court or in this court on error proceedings, that a search for authorities in this state to sustain defendant's position would be a fruitless one.

The rule of curing an excessive judgment for damages where actual damages have been proved by reversing the judgment unless a remittitur be entered has the approval of courts of last resort in nearly every state in this union, and in none is the rule more firmly established than in the decisions of our own court. The rule in this state is well set forth in the language of SULLIVAN, J., in delivering the opinion in *Bee Publishing Co. v. World Publishing Co.,* 59 Neb. 713, when he says:

"It is the settled doctrine of this court, even in actions *ex delicto,* that a judgment based on a verdict which is excessive, but which was not given under the influence of passion or prejudice, will be permitted to stand on condition that the excess be remitted."

In the case just quoted from, a remittitur of $3,000 was directed on a judgment rendered for $7,000, or almost half the judgment was directed to be remitted. In *Fremont, E. & M. V. R. Co. v. French,* 48 Neb. 638, the verdict of the jury awarded $10,000 damages; the trial court reduced this verdict to $6,300, and this court directed a further remittitur of $1,300, but refused to set aside the judgment as excessive, if the remittitur was entered. In *Fremont, E. & M. V. R. Co. v. Leslie,* 41 Neb. 159, the verdict of the jury was for $5,000 damages; the trial judge compelled a remittitur of $2,350 of the verdict awarded, and this court directed a further remittitur of $1,450, leaving a judgment of $1,200, or less than one-fourth of the amount awarded by the verdict of the jury. In the still more recent case of *Swift & Co. v. Holoubek,* 62 Neb. 31, on rehearing a judg-

ment for $11,500 awarded plaintiff for the loss of his hand was by order of this court reduced by a remittitur to $7,500. There is a certain similiarity in the nature of the injury in the Holoubek case and the case at bar; the difference being that one injury was for the loss of a hand and the other for the loss of a foot. In the one case the plaintiff had a less expectancy of life but was shown to have been a day laborer capable of earning $1.25 a day; in the instant case the plaintiff is an infant and might be capable of following any avocation or profession in life. Each of these cases was twice tried to a jury and in each the verdict in the first instance was for $5,000. In the Holoubek case on a retrial the first verdict was increased to $11,500, and in the instant case, as already stated, in the retrial the jury awarded $18,000, which was reduced by the trial court to $12,000. We readily can see that there is no fast and loose rule to establish a monetary value of the injury received in either of these cases; but this thing is certain, that the loss of a foot by a healthy four year old child with an expectancy of 51 years of life is a serious injury which should be responded to in substantial damage from the party whose negligence inflicted it. But as punitive and exemplary damages are not allowed in this state, we are impressed with the idea that, as compared with judgments approved by this court in cases of partial similarity, the judgment for $12,000 under all the facts and circumstances surrounding the injury is somewhat excessive, and in view of the holding of this court in *Swift & Co. v. Holoubek, supra,* we think that a further remittitur of $3,000 should be entered by plaintiff within 30 days, and that if such remittitur be entered the judgment of the district court for $9,000 as of the date thereof should be affirmed; otherwise the judgment be reversed and the cause remanded for further proceedings.

It is therefore recommended that, if plaintiff enter a remittitur of $3,000 within 30 days, the judgment of the district court be affirmed; otherwise, the judgment be reversed and the cause remanded for further proceedings.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, if the plaintiff enter a remittitur of $3,000 within 30 days, the judgment of the district court is affirmed; otherwise, the judgment is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.