## MORGAN *v.* THE STATE.

1. The absence of a witness who is competent and cognizant of material and relevant facts is a proper subject of comment in the argument of counsel before the jury; and it is error for the court to give an instruction which entirely eliminates from the jury's deliberation the effect of such argument.

2. In the trial of one charged with the offense of stabbing, conduct of the injured person subsequent to the occurrence under investigation is irrelevant, and testimony relating thereto should be excluded.

Submitted November 21,—Decided December 21, 1905.

Accusation of stabbing. Before Judge Crisp. City court of Americus. October 14, 1905.

*R. Douglas Feagin*, for plaintiff in error.
*Allen Fort Jr., solicitor*, contra.

EVANS, J. The plaintiff in error, Will Morgan, was tried in the city court of Americus, upon an accusation charging him with the offense of stabbing. The jury returned a verdict of guilty, and he made a motion for a new trial. Exception is taken to the overruling of this motion.

1. It appeared at the trial that Charlie Taylor, the person whom the accused was charged with having stabbed, was temporarily in Sumter county at the time the offense was alleged to have been committed, and subsequently returned to his home in Cuthbert, Ga., after swearing out a warrant against the accused. Taylor did not appear in his capacity of prosecutor at the commitment trial, nor was he present at the trial in the city court, nor was his absence accounted for by the State, though the evidence disclosed that he was then living at Cuthbert. Counsel for the State, in the opening argument before the jury, said he would anticipate an argument which defendant's counsel would probably make concerning the absence of the prosecutor, and insisted that there was no necessity to have him at the trial, if the case could be made out without him;

that the State had called eye-witnesses to the difficulty, and it would have imposed extra and useless expense upon Sumter county, in the way of witness fees and the expense of sending after Taylor, to secure his presence at the trial. In answer to this argument, counsel for the accused stated to the jury that the law did not allow the prosecutor fees for attending court and prosecuting a case, and it was a weak argument for the State to explain the lack of its highest and best evidence, where the liberty of one of its citizens was at stake, by insisting that it would have been expensive to the county to have produced that evidence at the trial; and the defendant's counsel further argued to the jury that the absence of the prosecutor was a fact which they had a right to consider—that it might show he was absent of his own volition, because he realized he was in the wrong and did not care to convict an innocent man. No objection was made to the argument of counsel for the State, but the defendant's counsel sought to meet it in the manner just indicated. The court, before concluding its charge to the jury, instructed them that "The fact that the prosecutor, Charlie Taylor, is not present at this trial has absolutely nothing to do with the case." Exception is taken to this instruction, on the ground that it amounted to an expression of opinion by the court as to the weight and effect of the evidence before the jury, and because it tended to prejudice the jury against the argument of defendant's counsel and cause them to favor the argument of counsel for the State. In a note appended to the motion for a new trial, the presiding judge states that "The charge excepted to was given just before the conclusion of the charge, in answer to the argument of defendant's counsel that the absence of the prosecutor from the trial was a reason for the acquittal of the defendant, as it tended to show that the prosecutor realized he was in the wrong, and therefore felt no interest in the case;" and that the "court immediately thereafter charged the jury that if they were satisfied beyond a reasonable doubt, from the evidence introduced on the trial of the case, of the guilt of the accused, it would be their duty to convict the defendant; on the contrary, if they did not believe the defendant guilty, or if they [had] a reasonable doubt of his guilt, it would be their duty to acquit." As the court intended this charge to be "in answer to the argument of defendant's counsel," it is not unreasonable to suppose that the jury so understood the instruction, and regarded the argument as

not worthy of consideration, since the court had explicitly told them that the absence of the prosecutor had "absolutely nothing to do with the case." Indeed, it is hard to conceive how the accused could, in the face of this unequivocal assertion by the court, have gotten any benefit from the argument made in his behalf concerning the failure of the prosecutor to appear against him at the trial. Whether or not the instruction was proper depends upon a correct determination of the question whether, as matter, of law, the absence of the prosecutor was a circumstance which the jury were not at liberty to take into consideration in passing upon the relative weight and sufficiency of the evidence upon which the State relied for a conviction, as compared with that offered by the defense, which tended very strongly to show that the accused was justified in cutting Taylor with a knife.

In the argument of cases, counsel should be allowed considerable latitude of speech; and so long as extraneous facts are not injected or improper language used, the trial judge should not interfere. The premises of the advocate should be founded upon some fact or group of facts brought to light upon the investigation; his conclusion, however absurd or illogical, goes to the jury as the result of his reasoning, and not as a statement of fact. The defendant's counsel insisted before the jury that the absence of the wounded man was a circumstance persuasive of the conclusion that, had he been present at the trial, he would have sustained the defendant's plea of self-defense. In anticipation of this argument, the solicitor had urged that no such inference could be drawn from the injured man's failure to appear to prosecute or testify. These conflicting deductions from the circumstance of his absence were peculiarly within the jury's domain, and exclusively for their solution. "It is customary to permit attorneys to comment upon the absence of witnesses, or their non-production, when they are shown to be cognizant of the facts in issue. It is a mere matter of argument, and may be discussed by either side, trusting to the good sense of the jury to properly estimate the value of such arguments." Chicago R. Co. *v.* Krayenbuhl (Neb.), 98 N. W. Rep. 44. In the case of *Inman* v. *State, 72 Ga.* 269, it was held that it was legitimate for counsel in argument to allude to what had transpired in the case in the presence of the jury, from the time it was called through its entire progress. So liberal has been the practice of permitting a dis-

cussion of collateral issues by counsel that it has been held: "Where, in the trial of an action for damages against a railroad company for personal injuries, the evidence as to the company's alleged negligence was conflicting, it was legitimate for the plaintiff's counsel to argue to the jury that the failure of the defendant to introduce and examine as a witness one of its employees who was present at the time when the injuries in question were sustained was a circumstance from which an inference could be drawn that, if this employee had been introduced and examined, he would have testified to facts prejudicial to the defendant." *W. & A. R. Co.* v. *Morrison,* 102 *Ga.* 319. The absence of the person who instituted the prosecution and who would have been a competent witness for the State was a proper subject of comment by defendant's counsel; and it was for the jury, and not the court, to determine whether the conclusion of counsel was correct. The trial judge erred in giving an instruction which entirely eliminated from the jury's deliberation the effect of such argument. *McBride* v. *Macon Tel. Pub. Co.,* 102 *Ga.* 422. The error of this instruction was not cured by the subsequent charge that the jury should only convict in case it appeared that the defendant's guilt was established beyond a reasonable doubt by the evidence. Two conflicting accounts of the transaction were presented by the evidence. If the deduction sought to be drawn from the absence of the wounded man could be of any avail to the defendant, it would be the effect on the minds of the jurors inclining them to accept as true the version of the affair as narrated by his witnesses.

2. It was not error to exclude from evidence the conduct of the person alleged to have been stabbed, subsequent to the occurrence under investigation. What he did on returning to the scene after he was cut could not illustrate the guilt or innocence of the defendant, and was therefore irrelevant. The case must undergo another investigation, and it is not necessary to discuss the evidence, or matters complained of which are not likely to arise on the next trial.

*Judgment reversed. All the Justices concur.*