## 23201. LUCEAR v. THE STATE.

CANDLER, Presiding Justice. Robert Lee Lucear was indicted in Monroe County for the murder of Jimmie Lee Freeman. He was convicted of that offense and sentenced to life imprisonment. He moved for a new trial and his motion was overruled on August 31, 1965. Within 30 days after he was denied a new trial, he appealed to this court. The errors enumerated and asserted by him are: That the court erred in failing to charge on voluntary manslaughter as it relates to mutual combat; that the court erred in refusing to grant a mistrial because of an improper statement made by the solicitor general in his argument to the jury; and that the court erred in refusing to grant appellant's motion for a mistrial after his counsel was denied the right in his argument to the jury to comment on the presumption arising from the solicitor general's failure to introduce as witnesses some of the persons whose names appeared on the back of the indictment. These enumerated errors will be considered and dealt with in the order of their statement. *Held:*

1. There is no merit in the contention that the court erred in failing to charge on voluntary manslaughter resulting from mutual combat. Mutual combat exists where there is a fight with dangerous and deadly weapons and when both parties are at fault and are willing to fight because of a sudden quarrel. *Code* § 26-1014; *Langford v. State*, 212 Ga. 364 (93 SE2d 1), and the cases there cited. In the instant case the State's evidence shows that the accused shot and killed an unarmed 16-year-old boy who was making no assault on him and without any provocation or justification. On the other hand, the defendant's evidence and his unsworn statement show that the accused, while retreating from his assailant who was advancing on him with a knife, shot and killed him in self-defense. In these circumstances, a charge on voluntary manslaughter as it relates to mutual combat would have been an erroneous instruction to the jury.

2. During his argument to the jury, the solicitor general referred to the witnesses who had testified for the accused as "niggers." It is contended that this was designed to and did prejudice the minds of the jury because of the color of their skin. We do not think this was such a statement as would re-require the court on motion therefor to declare a mistrial;

and this is especially true since the deceased, the accused, and all of the witnesses who testified for the State and the accused, except Sheriff L. C. Bittick, were Negroes. Furthermore the record shows that the court offered to reprimand the solicitor for such statement and counsel for the accused requested that he make no further reference to the matter lest by doing so it might magnify the alleged injury.

And the 5-to-1 decision of this court in *Atlanta Coca-Cola Bottling Co. v. Shipp,* 170 Ga. 817 (1) (154 SE 243), which the appellant cites and relies upon does not require a ruling different from the one here made. There the majority held that the court did not err in refusing to allow testimony showing that certain women inspectors of the defendant company were "persons of color" as a circumstance which the jury could consider in passing upon their efficiency or lack of efficiency as such inspectors.

3. During his argument to the jury, counsel for the defendant was commenting on the failure of the solicitor general to call as witnesses all persons whose names appeared on the back of the indictment and the presumption which arises under *Code* § 38-119 from a failure to introduce a competent witness. The solicitor general objected to such argument, and the court sustained his objection. Whereupon the accused moved for a mistrial on the ground that such argument was proper and legitimate. His motion for mistrial was overruled, and error is assigned on that ruling. From the facts obtainable from this record, we do not think this shows reversible error. The burden is on him who asserts error to show it affirmatively by the record. *Waldrop v. State,* 221 Ga. 319 (5) (144 SE2d 372). The law does not require State's counsel to introduce as witnesses all whose names appear on the indictment, and in *Harper v. State,* 129 Ga. 770 (5), 775 (59 SE 792), where a witness whose name appeared on the indictment was not called by the State to testify, it was said: "In a criminal case the prosecution is not called upon to produce every eyewitness to the transaction. The burden which the law places upon the prosecution is to establish the defendant's guilt of the crime charged, by competent evidence, beyond a reasonable doubt," and it was there unanimously held that it was not error for the trial judge to refuse a request to charge the provisions of *Code* § 989 (now § 38-119) regarding the presumption which arises

from a failure to introduce a witness who was present at the homicide but who, according to the record, did not see or hear what actually occurred. In that decision it was pointed out that the unused witness was present at the trial, accessible to the accused and could have been called by him to disprove any fact testified to by the State's witnesses if they swore falsely to the facts of the homicide. Here the State called as witnesses seven of the eleven persons whose names appear on the indictment, and there is nothing in the record which discloses that the other four witnessed the homicide or that they were present at the trial or even accessible to the State; and in the absence, as here, of such a showing, no presumption unfavorable to the State would arise from a failure to introduce them as witnesses. In these circumstances it cannot be held that the accused was injured by the ruling complained of.

4. None of the errors enumerated by the appellant requires a new trial.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED NOVEMBER 8, 1965—DECIDED DECEMBER 6, 1965.

*Reuben A. Garland, Phillip Benson Ham, Edward T. M. Garland,* for appellant.

*Ed McGarity, Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.