## 53781. GANNAWAY v. THE STATE.

MARSHALL, Judge.

Appellant Gannaway brings her appeal from a conviction of voluntary manslaughter and a sentence of three years' confinement. She enumerates as error the refusal of the trial court to direct a verdict of acquittal at the close of the state's case, and the allegedly erroneous curtailment of closing argument by the defendant's counsel. *Held:*

1. The evidence reflects a "lovers' spat," involving loud and vehement argument, physical violence by both the appellant and the deceased, and two or more shots fired by the appellant, one of which struck the deceased in the chest and caused his death. Such evidence evinces an act of anger, arising out of a fit of passion. The appellant presented evidence which, if believed by the jury, would have shown the killing to be justifiable as done in self-defense. Both theories were presented to the jury under full and legally correct instructions. By its verdict, the jury obviously elected to believe that the appellant acted from heat of passion provoked by adequate provocation and not out of motives of self-defense. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Davis v. State,* 234 Ga. 730, 732 (218 SE2d 20) (1975); *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495) (1976). Moreover, in reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Lee v. State,* 237 Ga. 626, 627 (229 SE2d 404) (1976); *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650) (1976); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975). The evidence in this case supports the verdict of the jury. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612) (1976). See *Brock v. State,* 208 Ga. 318, 319 (2) (66 SE2d 732) (1951).

2. In her second enumeration of error, the appellant complains that the trial court erred in sustaining the state's objection to that portion of the defense argument

which asked the jury to consider that certain evidence (not identified in the record) which the state failed to present could be presumed to contain adverse consequences to the state, and indicated that the court would so instruct the jury to that effect. It has long been the law of this state that such a presumption is not applicable in a criminal trial, and it is error for a trial court so to instruct a jury in a criminal case. See *Perryman v. State,* 139 Ga. App. 655 (229 SE2d 131) (1976) and cits. It being error for the judge so to instruct a jury, we will not find error where the trial court refuses to allow the defense counsel to argue that the jury may make an impermissible inference or to argue that the trial court will do what the law forbids. This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 7, 1977 — DECIDED APRIL 21, 1977.

*Blackburn & Bright, J. Converse Bright,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.