DECIDED JUNE 22, 1993 —<br>RECONSIDERATION DENIED JULY 13, 1993 — 

*Branch, Pike, Ganz & O'Callaghan, Burt DeRieux, Keith J. Reisman, Daryl G. Clarida, Cook & Palmour, Bobby Lee Cook, Jr.,* for appellant.

*Kilpatrick & Cody, Matthew H. Patton, H. Quigg Fletcher, Greenwood, Chambers & Elliott, Timothy L. Spruell,* for appellee.

A93A0365. PREJEAN v. THE STATE.<br>(433 SE2d 628)

JOHNSON, Judge.

A jury found Kevin Prejean guilty of cruelty to children for immersing a minor child in scalding water. He appeals from his conviction and the denial of his motion for a new trial.

1. Prejean contends that the trial court erred in refusing to grant his motion for directed verdict of acquittal made at the close of all of the evidence. A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary. *Lane v. State,* 177 Ga. App. 553, 554 (340 SE2d 228) (1986). After a review of the entire record, we find that a verdict of acquittal was not demanded in this case.

The victim's mother left the two-year-old victim and his sister in Prejean's care. Prejean testified that the victim's mother had requested that he "clean up" the victim because he had wet his diaper. Prejean decided to give the victim a bath. Several hours later, the victim's mother was notified that the child had been burned. A physician testified that she was suspicious that the child's burns were "non-accidental" and described the burns as deep second and third degree immersion burns covering almost one-third of the child's body. She also testified that the victim's skin was burned in a uniform manner. This suggests an immersion burn, rather than a burn occurring in the manner Prejean described to the police investigator as set forth

below.

An investigator from the police department interviewed Prejean in an attempt to find out what had caused the child's injury. The investigator testified that Prejean had told him that he left a pot of water boiling on the stove and then went upstairs, leaving the victim downstairs playing with a beach ball. Shortly thereafter, he heard the victim scream and returned to find the victim with the pot between his legs and hot water everywhere. He implicated the victim's six-year-old sister during this interview.

Prejean changed his story at trial, testifying that he had placed the child in the tub, turned on the water and then left the child unattended while he answered the phone. After hearing the child scream, Prejean returned to the bathroom and saw that the child had suffered a burn. Prejean admitted having lied to the investigator about how the burn had occurred. Viewing the evidence in the light most favorable to the verdict, we find that there was sufficient evidence for a rational jury to find Prejean guilty of cruelty to children beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying Prejean's motion for a directed verdict of acquittal.

2. Prejean contends that the trial court erred in allowing an expert witness to testify that the victim's burn from immersion in the water was "non-accidental." Prejean argues that this testimony was improperly admitted because whether the burn was intentional or accidental was the ultimate issue to be decided by the jury. We recognize the general principle that witnesses are not allowed to express their opinion as to ultimate issues involved in the case. See *Maxwell v. State*, 262 Ga. 73, 76 (5) (414 SE2d 470) (1992). Reviewing the physician's testimony as a whole, she opines that she was "*suspicious* that [the victim's burn] was . . . a non-accidental burn." This testimony does not infringe upon the jury's role in deciding the ultimate issue. The physician was merely attesting that, based upon her experience, the type of burn sustained by the victim resembled those that she had seen before which were not accidental. "An expert's special knowledge may be derived from experience as well as study." (Citations and punctuation omitted.) *Volcey v. State*, 200 Ga. App. 881, 883 (2) (410 SE2d 36) (1991). The expert did not testify that this burn was indeed non-accidental, nor did she opine that Prejean caused the burn. Her testimony was properly admitted.

Moreover, the jury was authorized to determine whether to disregard the expert's testimony regarding the nature of the burn. It is well-settled that "a jury is always free to reject expert opinion testimony and substitute their own knowledge and experience." (Citations and punctuation omitted.) *Hill v. All Seasons Florist*, 201 Ga. App. 870, 872 (1) (412 SE2d 619) (1991). We find no error.

3. Prejean complains that the trial court impermissibly restricted his closing argument by disallowing him to comment on the State's failure to produce two expert witnesses. As a general rule, the defendant is not permitted to comment on the State's failure to produce certain witnesses. *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982). Prejean concedes that *Wilson*, supra, is controlling as to this issue. He argues, however, that the court should make an exception to the rule in this case. It appears that Prejean sought to comment on the absence of these witnesses in order to argue or infer that they would have offered exculpatory testimony. This is precisely what the rule in *Wilson* was designed to prevent. The court did not err in disallowing Prejean to comment on the absence of the two expert witnesses.

4. Prejean contends that the trial court erred in limiting his closing argument by disallowing him to draw conclusions from the physician's testimony regarding the type of burns she had treated in the past. During the State's case-in-chief, the physician testified regarding the variety of the types of burns that she had seen, which included burns occurring on several parts of the body and a burn in which a child was almost completely submerged under water. In his closing argument, Prejean's attorney mentioned the types of burns that the physician had seen and argued to the jurors that they should infer from the doctor's testimony that she had no experience with the particular type of burn sustained by the victim in this case. The State objected to this portion of the trial testimony on the ground that defense counsel was making statements concerning matters not in evidence and the court sustained the objection. See OCGA § 17-8-75. Because the physician had testified regarding the burns she had seen in the past without objection, this matter was properly in evidence and it was error for the court to limit defense counsel's argument on this issue. However, the record shows that defense counsel was able to argue substantially on this issue prior to the State's objection and, indeed, argued that the physician had seen "nothing like this [burn], not one time." Under these circumstances, we cannot find that the court's error in limiting defense counsel's closing argument was harmful.

5. Prejean contends that the trial court erred in denying his motion for mistrial based upon the State's failure to provide him with complete scientific reports. Prejean argues that he was entitled to the attending physician's notes from which she based a portion of her testimony. "It is well-established that the State is not required, under OCGA § 17-7-211, to furnish defendant with its expert's notes, work product, recordation of data, internal documents, or graphs." (Citations and punctuation omitted.) *Roberts v. State*, 196 Ga. App. 450 (396 SE2d 81) (1990). It appears from the record that the State complied with OCGA § 17-7-211. Furthermore, the district attorney ex-

plained to the court that he had provided Prejean with all of the scientific reports in his possession, including medical summaries, pursuant to Prejean's request for such reports and in compliance with the statute.

We note that Prejean's remedy for a violation of OCGA § 17-7-211 was to request a continuance or to make a motion to strike the physician's testimony. See generally *Pontoon v. State*, 177 Ga. App. 868, 870 (341 SE2d 505) (1986). Neither of these remedies was sought. The court's refusal to grant Prejean's motion for mistrial was proper.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 22, 1993 —
RECONSIDERATION DENIED JULY 13, 1993 —

*Davidson & Fuller, Stephen P. Fuller*, for appellant.
*Lewis R. Slaton, District Attorney, J. Clayton Culp, Assistant District Attorney*, for appellee.