## A95A2674. MORGAN v. THE STATE.
### (466 SE2d 658)

BEASLEY, Chief Judge.

Morgan appeals his convictions of driving under the influence of alcohol to the extent that it was less safe for him to drive (OCGA § 40-6-391 (a) (1)), failure to maintain lane (OCGA § 40-6-48), and driving left of center lane (OCGA § 40-6-40).

On the evening of May 24, 1994, Officer Higdon responded to a two-vehicle accident. He found Morgan to be the driver of a truck that had crossed the centerline, struck a second vehicle, and then overturned. When Higdon arrived, Morgan was sitting against the guardrail holding a towel or shirt to his head. He observed minor injuries, although Morgan told Higdon he did not think he was hurt. The driver of the other vehicle was afraid to move for fear of his own injuries and was transported by emergency medical service personnel to the hospital.

As soon as the EMS personnel arrived, Higdon engaged Morgan in conversation. He observed that Morgan had bloodshot eyes, slurred speech and a moderate odor of alcoholic beverage. Morgan said his vehicle hit the guardrail because he attempted to avoid an animal in the road, and he had no recollection of what took place thereafter. Morgan submitted to several field sobriety evaluations, which he did not perform satisfactorily.

On cross-examination, Higdon acknowledged that he had not observed the EMS personnel treat Morgan's injuries, that a photograph taken of Morgan at the time of his arrest indicated he had a broken nose, and that it is not uncommon for a person who has suffered a head injury to experience a loss of memory. The names of the two EMS personnel appeared on the State's amended list of witnesses, but they were not called to testify.

After the State rested, the prosecuting attorney moved pursuant to *Wilson v. Zant*, 249 Ga. 373, 384 (4) (290 SE2d 442) (1982), to prohibit comment on the State's failure to call these witnesses. In response, defense counsel argued that *Wilson* only precludes argument that the testimony of witnesses not called by the prosecution would have been exculpatory, where such witnesses are merely repetitive. He

maintained that *Wilson* does not apply to a separate category of witnesses, such as the EMS personnel whose testimony would be relevant to the crucial issue of whether Morgan's condition following the accident was caused by alcohol or injury. The prosecuting attorney stated that their testimony was not exculpatory, that they were not called because their testimony would have been cumulative, and that the defense was supplied with their names and could have called them.

After granting the State's motion, the court denied defense motions to block comment on the defendant's failure to call the EMS personnel as defense witnesses and to allow the defendant to argue that he did not call the EMS personnel as witnesses because of their appearance on the State's witness list. The court denied the second motion after the prosecuting attorney stated he had informed defense counsel that the State would not call them. Counsel then made their closing arguments, which were not reported.

In his sole enumeration of error, Morgan contends that the court erred in refusing to allow any reference to the State's failure to call the witnesses. This relates to the grant of the State's motion but not to the denial of the defense motions.

The general rule is that the defendant may not comment on the State's failure to produce certain witnesses. *Wilson,* supra at 384 (4). This is justified by the logic that "it is not reasonable to infer that the state's failure to produce all available inculpatory witnesses means that their testimony would not have been inculpatory or would have been exculpatory." Id. at 385. The Supreme Court did recognize that "there might be exceptions to the rule . . . depending upon the facts of a particular case. . . ." Id.

Here, as in such cases as *Prejean v. State,* 209 Ga. App. 411, 413 (3) (433 SE2d 628) (1993), and *Gober v. State,* 203 Ga. App. 5, 7 (5) (416 SE2d 292) (1992), the defendant failed to demonstrate why the general rule should not be applied. The EMS personnel "were as available to [him] as to the state, and the defense could have called them to testify." *Brown v. State,* 150 Ga. App. 831, 833 (2) (258 SE2d 641) (1979). In addition, the defendant did not controvert the prosecuting attorney's statement that the testimony of these uncalled witnesses would not have exonerated him.

Despite the prohibition on defendant's comments, he was not precluded from arguing that the State did not carry its burden of proving his guilt beyond a reasonable doubt because facts relied on by the State did not exclude every reasonable hypothesis save that of guilt.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 3, 1996 —

*Robert W. Chestney*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Shannon L. Goessling, Lawrence Delan, W. Cliff Howard, Assistant Solicitors*, for appellee.