S96G0739. MORGAN v. THE STATE.
(476 SE2d 747)

BENHAM, Chief Justice.

E. Allen Morgan, Jr., was the driver of a truck involved in a two-vehicle collision after it crossed the centerline of a DeKalb County road. He was treated at the scene for a head injury by emergency medical personnel (EMS). Morgan was charged with several traffic offenses and driving under the influence to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)) after he failed several field sobriety tests administered by the investigating law enforcement officer. At trial, the EMS personnel were not called by the State to testify although their names appeared on the State's amended witness list. At the close of the State's case, the trial court granted the motion in limine of the assistant solicitor, thereby prohibiting defense counsel from commenting to the jury on the State's failure to call the EMS witnesses. Morgan rested without calling any witnesses or submitting any evidence. He appealed the judgment of conviction to the Court of Appeals, citing as his sole enumeration of error the trial court's grant of the motion in limine. Citing *Wilson v. Zant*, 249 Ga. 373 (4) (290 SE2d 442) (1982), as authority for "[t]he general rule . . . that the defendant may not comment on the State's failure to produce certain witnesses," the Court of Appeals affirmed the trial court's grant of the State's motion in limine. *Morgan v. State*, 219 Ga. App. 760 (466 SE2d 658) (1996). We granted Morgan's petition for a writ of certiorari, asking whether this Court, contrary to the authority of *Morgan v. State*, 124 Ga. 442 (1) (52 SE 748) (1905), correctly adopted a rule prohibiting a defendant from commenting on the State's failure to produce certain witnesses. See *Wilson v. Zant*, supra, 249 Ga. 373; *Roper v. State*, 251 Ga. 95 (6) (303 SE2d 103) (1983). If that question is answered in the affirmative, we will then decide if the facts and circumstances of this case bring it within an exception to that rule, as contemplated by *Wilson v. Zant*, supra at 385.

1. By granting the motion in limine, the trial court limited the scope of defense counsel's closing argument. The permissible scope of argument is vast: counsel may draw from the evidence properly before the factfinder "any inference apparently reasonable and legitimate." *Smalls v. State*, 105 Ga. 669 (hn. 3) (31 SE 571) (1898). See also *Towns v. State*, 191 Ga. App. 229 (2) (381 SE2d 405) (1989). "[C]ounsel should be allowed considerable latitude of speech; and so long as extraneous facts are not injected or improper language used, the trial judge should not interfere." *Morgan v. State*, supra, 124 Ga. 442, 444. "[U]pon the facts in the record, and upon the deductions [the attorney] may choose to draw therefrom, an attorney may make almost any form of argument [the attorney] desires." *Walker v. State*,

232 Ga. 33, 37 (205 SE2d 260) (1974). "[T]hat the deductions [set forth by counsel] may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." *Owens v. State*, 120 Ga. 209 (hn. 3) (47 SE 545) (1904). See also Daniel, Georgia Criminal Trial Practice (1995 ed.), § 23-5, and Evans, Opening and Closing Arguments, § 1-6. Since the trial court determines the range of closing argument comment which is proper (*Owens v. State*, supra, 120 Ga. 209), in essence, the issue before us is whether the trial court abused its discretion by limiting the scope of defense counsel's closing argument.

2. By granting the motion in limine, the trial court prohibited defense counsel from drawing the jury's attention to the fact that the State did not present as witnesses the EMS personnel who attended to Morgan's injuries at the scene of the collision, and from suggesting that the uncalled witnesses would have been helpful in determining whether Morgan's appearance and behavior after the collision were attributable to the injuries he sustained rather than the alcohol he had consumed. After much discussion, the trial court based its ruling on this Court's decision in *Wilson v. Zant*, supra, 249 Ga. 373, and the Court of Appeals' decision in *Prejean v. State*, 209 Ga. App. 411 (3) (433 SE2d 628) (1993), which cited *Wilson v. Zant* as controlling authority.

In *Wilson v. Zant*, this Court addressed Wilson's contention about the prosecutor's comments in closing argument concerning Wilson's failure to produce certain witnesses who allegedly would have given favorable testimony. Conceding that Georgia case law permitted such comments by the prosecutor, Wilson contended that the Georgia rule was an unconstitutional violation of equal protection because a criminal defendant was not permitted to comment on the State's failure to produce certain witnesses. Id., 249 Ga. at 384. Without discussing the parameters of the "rule" limiting a defendant's ability to comment on the State's failure to produce witnesses, this Court resolved the equal protection argument against Wilson when it found a rational reason for the disparity between the two "rules." Id., 249 Ga. at 385. Since that decision was rendered, it repeatedly has been used as authority for a "general rule" that defense counsel cannot comment on the prosecutor's failure to produce witnesses. See, e.g., *Roper v. State*, 251 Ga. 95 (6) (303 SE2d 103) (1983); *Morgan v. State*, supra, 219 Ga. App. at 761; *Kemp v. State*, 218 Ga. App. 842 (2) (463 SE2d 385) (1995); *Prejean v. State*, supra, 209 Ga. App. at 413; *Gober v. State*, 203 Ga. App. 5 (5) (416 SE2d 292) (1992); *Braggs v. State*, 189 Ga. App. 275 (3) (375 SE2d 464) (1988). We conclude today, however, that the court's equal protection decision in *Wilson v. Zant* presupposed a rule prohibiting defense counsel comments broader than that which actually existed. Accordingly, we disapprove the

holding in *Wilson v. Zant* and its progeny to the extent they can be read as endorsing a complete prohibition on defense counsel's ability to comment in closing argument on the State's failure to call certain witnesses.

3. In *Wilson v. Zant*, this Court cited *Brown v. State*, 150 Ga. App. 831 (2) (258 SE2d 641) (1979), and *Gannaway v. State*, 142 Ga. App. 87 (2) (235 SE2d 392) (1977), as the sources for Wilson's assertion that a criminal defendant is not permitted to comment on the State's failure to produce certain witnesses. 249 Ga. at 384. In *Gannaway*, the Court of Appeals affirmed the trial court's refusal to allow defense counsel to tell the jury that evidence which the State failed to present "could be presumed to contain adverse consequences to the state. . . ." Apparently, defense counsel's basis for the comment was the precursor to OCGA § 24-4-22.[1] The *Gannaway* court stated it had long been the law in Georgia that such a presumption was not applicable in a criminal trial[2] and refused to find error where "the trial court refuses to allow the defense counsel to argue that the jury may make an impermissible inference. . . ." Id., 142 Ga. App. at 88. In *Brown*, 150 Ga. App. 831, the Court of Appeals rejected a criminal defendant's assertion that OCGA § 24-4-22 authorized the defendant to argue that the jury might make a presumption or inference from the fact that all the witnesses on the State's witness list had not been called to testify.

These cases reiterated the admonition that the presumption set out in OCGA § 24-4-22 is not applicable in criminal cases, and we endorse that position. However, *Gannaway* and *Brown* did not ban any and all attempts by counsel in a criminal case to comment, when appropriate, on the failure of the opposing side to present certain witnesses. While no *legal presumption* may arise from the failure to introduce certain witnesses, it is proper for opposing counsel to draw an inference of fact from such failure and comment on the failure to the jury when there is competent evidence before the jury that the

---

[1] OCGA § 24-4-22 provides:
If a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain or satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well-founded; but this presumption may be rebutted.

[2] In *Mills v. State*, 133 Ga. 155 (65 SE 368) (1909) and *Sokolic v. State*, 228 Ga. 788 (187 SE2d 822) (1972), this Court pointed out that OCGA § 24-4-22 was "entirely inapplicable to criminal cases" because it violates fundamental principles of criminal law, i.e., guilt must be shown by competent evidence; the defendant's right to remain silent; and the presumption that one is innocent until proven guilty. When a defendant sought to take advantage of the presumption set forth in OCGA § 24-4-22, this Court again held it inapplicable in criminal cases because it was inimical to the rights of a criminal defendant. *Radford v. State*, 251 Ga. 50 (7) (302 SE2d 555) (1983).

missing witness has knowledge of material and relevant facts. *Dorsey v. State*, 204 Ga. 345 (3) (49 SE2d 886) (1948). See also *Shirley v. State*, 245 Ga. 616 (1) (266 SE2d 218) (1980); *Contreras v. State*, 242 Ga. 369 (3) (249 SE2d 56) (1978); *Pritchard v. State*, 160 Ga. App. 105 (4) (286 SE2d 338) (1981). "It is customary to permit attorneys to comment upon the absence of witnesses, or their non-production, when they are shown to be cognizant of the facts in issue. It is a mere matter of argument, and may be discussed by either side, trusting to the good sense of the jury to properly estimate the value of such arguments. [Cit.]" *Morgan v. State*, supra, 124 Ga. at 444. The court concluded in *Morgan* that "[t]he absence of a witness who is competent and cognizant of material and relevant facts is a proper subject of comment in the argument of [defense] counsel before the jury. . . ." Id., 124 Ga. 442 (hn. 1). Thus, both defense counsel and prosecuting counsel are entitled to comment during closing argument on the failure of the other side to produce certain witnesses.

In order to take advantage of the ability to make such closing argument commentary, both prosecuting and defense counsel must adhere to the basic limitation on the scope of cross-examination: the argument must be derived from evidence properly before the factfinder. See *Blige v. State*, 263 Ga. 244 (2) (430 SE2d 761) (1993). Case law reflects that a prosecuting attorney is able to comment on a criminal defendant's failure to produce certain witnesses when the defendant testifies to the existence of a witness with knowledge of material and relevant facts, and that person does not testify at trial. See, e.g., *Shirley v. State*, supra, 245 Ga. at 618; *Contreras v. State*, supra, 242 Ga. at 372; *Rini v. State*, 236 Ga. 715 (3) (225 SE2d 234) (1976); *Dorsey v. State*, supra, 204 Ga. at 351; *Brewster v. State*, 205 Ga. App. 770 (2) (424 SE2d 8) (1992).[3] Due, in part, to the breadth previously given the holding in *Wilson v. Zant*, there is little case law on the evidence which serves as the basis for defense counsel's closing argument comment on the absence of a witness with knowledge of material and relevant facts. However, in *Morgan v. State*, supra, 124 Ga. 442, defense counsel was permitted, after presenting a defense of justification, to comment on the absence of the stabbing victim from the trial, suggesting the absence was due to the victim's realization that he had been in the wrong. On the other hand, defense counsel's attempt to comment on the absence of persons whose names appeared on the State's witness list is appropriately quashed since there is no evidence placed before the jury that the missing persons have knowledge of facts relevant and material to the

---

[3] However, comment on the failure to call a witness who did not testify after invoking a privilege is not permitted. *James v. State*, 223 Ga. 677 (157 SE2d 471) (1967).

case. See, e.g., *Roper v. State*, supra, 251 Ga. 95 (6); *Lucear v. State*, 221 Ga. 572 (3) (146 SE2d 316) (1965).

4. Having concluded that defense and prosecuting counsel are equally able to comment on the failure of the other to present certain witnesses as long as that argument is derived from evidence properly before the factfinder, we apply the rule to the facts of this case. Defense counsel wished to remark on the State's failure to call the EMS personnel as witnesses and to suggest to the jury that the missing witnesses would have shed light on whether Morgan's post-collision condition was the result of his injuries rather than intoxication. The investigating officer had testified that the EMS personnel attended to Morgan at the scene of the collision, and that he may have suffered a broken nose. Since there was evidence properly before the factfinder of the existence of witnesses with knowledge of material and relevant facts, defense counsel should have been permitted to comment on the State's failure to call the EMS personnel as witnesses.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 21, 1996.

*Robert W. Chestney,* for appellant.

*Ralph T. Bowden, Solicitor, Lawrence Delan, W. Cliff Howard, Bernard R. Ussery, Assistant Solicitors,* for appellee.

*Spencer Lawton, Jr., District Attorney, Eastern Circuit, Kenneth W. Mauldin, Solicitor, Clarke County, Timothy G. Madison, Gregory R. Sturtevant,* amici curiae.