## A96A1852. KENDRICK v. THE STATE.
### (479 SE2d 464)

Judge Harold R. Banke.

Willie L. Kendrick, III was convicted of one count of selling cocaine. The trial court directed a verdict of acquittal on a second count, possession with intent to distribute. Following the denial of his motion for new trial, Kendrick enumerates nine errors.

The State's evidence showed that a confidential informant told Metro Narcotics Task Force Agents Linda Moten and Keith Taylor that she could purchase an "eight ball" of crack cocaine from a man known to her as "Pumpkin." Later that day, Agent Moten accompa-

nied the informant to a previously specified address to meet "Pumpkin." Kendrick answered the door and the informant told him she wanted to purchase an "eight ball" of crack cocaine. After Agent Moten, the informant, and Kendrick negotiated a price of $250 for 4.5 grams of cocaine, Kendrick left to get the cocaine going across the street to his residence. When Kendrick returned, he and co-defendant Sandra Allen went into a bedroom while the informant and Agent Moten waited in the kitchen. Allen came out of the bedroom with a quantity of cocaine and a set of scales. Allen weighed the cocaine and gave it to Agent Moten who handed her $260. When Allen returned to the bedroom to get change from Kendrick, Agent Moten, who was wearing a concealed microphone, gave a code word for other agents to enter the house. The officers found only Kendrick in the bedroom along with approximately $1,000, including the $260 used in the transaction. On the ground outside the bedroom window, officers recovered a bag containing approximately 21 grams of cocaine. The jury listened to the audiotape of the entire transaction, and Moten identified Kendrick's voice on the tape.

Before Kendrick's trial, Allen, his girl friend, pleaded guilty to the sale and possession of cocaine. Allen testified that Kendrick had nothing to do with the transaction and that another person, Charlie Richardson, brought her the cocaine that was sold to Agent Moten. *Held*:

1. Kendrick contends that he was denied effective assistance of counsel, asserting that his trial counsel failed to investigate and prepare for trial and neglected to file a motion to reveal the identity of the confidential informant. A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

Counsel testified that she met with Kendrick, investigated the facts, and prepared for trial. Under these facts, we cannot say that the trial court's finding was clearly erroneous. See id. Nor was trial counsel ineffective for deciding not to file a motion to reveal the identity of the confidential informant. Because Kendrick told counsel that he knew who the confidential informant was, there was no prejudice. Decisions relating to trial strategy and tactics do not equate with ineffective assistance of counsel. *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72) (1992).

2. The trial court properly admitted Kendrick's two prior drug convictions as similar transaction evidence. Evidence of prior crimes is admissible where the trial court determines that the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Kendrick's prior drug convictions were offered for an appropriate purpose to

show course of conduct and bent of mind, were substantially similar, and it was not disputed that Kendrick committed the prior independent offenses. See id.

3. Kendrick claims that the trial court erred in finding that a remark he made while in custody was freely and voluntarily given. After he refused to sign a waiver of rights form, Kendrick nonchalantly commented that he did not want to cooperate because he would "do my little time and when I get out, I'll be back doing it again." A party seeking reversal must show not only error but also harm arising from the alleged error. *Durham v. State*, 129 Ga. App. 5, 6 (3) (198 SE2d 387) (1973). Because the statement at issue was never admitted into evidence, even assuming Kendrick could show error, he cannot show the requisite harm. See id.

4. The State's witness did not improperly inject hearsay testimony concerning identity. After Agent Taylor testified that agents received information about a person nicknamed "Pumpkin" selling cocaine from a residence located at a specific address, the court sustained a defense objection and required that the State lay a proper basis before identifying any particular person with the nickname. Taylor then explained that Lt. Russell Traino of his unit knew "Pumpkin" by his real name, Willie Kendrick. Taylor's testimony was not hearsay but original evidence explaining the circumstances that led to an undercover drug operation involving Kendrick. OCGA § 24-3-2; see *Frazier v. State*, 195 Ga. App. 599, 600 (4) (394 SE2d 396) (1990).

5. Kendrick contends that the State improperly injected punishment into its closing. Defense counsel, both in the opening statement and closing argument, pointed out that Kendrick had pleaded guilty in two prior cases and argued that the reason he was being tried was that he was charged with something he did not do. In rebuttal, the State countered that Kendrick may have decided not to plead guilty because he knew he could receive a harsher sentence having had two prior convictions.

The test for reversible error is whether the argument, even if improper, in reasonable probability changed the result of the trial. *Bright v. State*, 265 Ga. 265, 285 (19) (a) (455 SE2d 37) (1995). Because of the overwhelming evidence of guilt, we conclude that even assuming the argument was objectionable, there is no reversible error. Id.

6. In two enumerations of error, Kendrick contends that the trial court improperly denied his right to comment on the State's failure to produce the confidential informant as a witness. See *Wilson v. Zant*, 249 Ga. 373, 384 (4) (290 SE2d 442) (1982). He claims that the unknown confidential informant would have provided exculpatory testimony if the State had called her as a witness or revealed her

identity.[1] Contrary to Kendrick's argument, as discussed in Division 1, the State did not attempt to conceal the informant's identity; Kendrick told his attorney he knew her identity. It is undisputed that neither the State nor Kendrick subpoenaed her as a witness.

The evidence belies Kendrick's uncompelling argument that the informant's in-court testimony would have been exculpatory. As the record shows, the informant provided abundant inculpatory evidence prior to the "eight ball" cocaine purchase involving Kendrick here. She told police that she knew "Pumpkin" to be a drug dealer, and she gave incriminating details about his drug dealing to the agents. The subsequent events of the drug operation and the audiotape corroborated her reliability as an informant. Kendrick cannot show how he was prejudiced by the denial of the opportunity of his counsel to comment on the State's failure to call the informant as a witness. Compare *Morgan v. State*, 267 Ga. 203, 206 (3) (476 SE2d 747) (1996) (prohibition on defense counsel's ability to comment on State's failure to call two EMS technicians on State's witness list whose testimony could have been exculpatory was harmful). Considering the facts in this case, even assuming arguendo that the trial court's ruling was somehow error, Kendrick failed to show the requisite harm. See *Durham*, 129 Ga. App. at 6.

7. Kendrick challenges the sufficiency of the evidence. Construing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found all the essential elements of the offense of sale of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

8. The trial court properly allowed the State to present Kendrick's prior convictions during the sentencing phase. In the instant case, Kendrick was indicted as a recidivist. The State's written notice of its intent to present evidence of his prior convictions as similar transactions coupled with oral notice that it intended to introduce the prior convictions as evidence in aggravation fulfilled the notification requirement under OCGA § 17-10-2 (a). *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992); compare *Armstrong v. State*, 264 Ga. 237, 238 (2) (442 SE2d 759) (1994).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 17, 1996.

*David J. Grindle*, for appellant.
*J. Gray Conger, District Attorney, Paul J. Coburn, William D.*

---

[1] Kendrick attempts to create an issue as to the identity of the confidential informant. But the evidence shows that she had various aliases and was known generally as both Mary Mott and Mae Francis.

■■■■■■■■■■■■                                      ■■■■■

*Kelly, Jr., Assistant District Attorneys*, for appellee.