A97A0995, A97A1335. DENNIS v. THE STATE (two cases).

(486 SE2d 656)

MCMURRAY, Presiding Judge.

A jury convicted Alfred Dennis on two counts of aggravated assault and one count of misdemeanor shoplifting. In a bench trial immediately following the jury verdict, the court, without the intervention of a jury, convicted him of possession of a firearm by a convicted felon. In Case No. A97A1335, Dennis appeals his convictions. He contends the trial court erred in limiting his examination of a police officer and preventing him from commenting on the State's failure to call that officer as a witness. In Case No. A97A0995, Dennis appeals the trial court's denial of his appeal bond. *Held*:

## Case No. A97A1335

The evidence at Dennis' jury trial showed that on December 29, 1995, a Wal-Mart employee saw Dennis remove a rifle scope mount from a closed package, place the mount in his pants, and walk out of the store. After several store employees stopped Dennis and took him to a back room to discuss the apparent shoplifting, he pulled a pistol from his pocket, chambered a round, and pointed the pistol at the employees in a threatening manner. He then fled the store, and again pointed the pistol at another employee who attempted to stop him in the parking lot. Dennis testified and claimed he had purchased the gun mount at Wal-Mart earlier, had returned to the store to exchange it, and had left when he discovered that Wal-Mart did not have what he needed. Although Dennis admitted he carried a pistol into the store, he denied pointing the pistol at anyone and insisted that it remained locked in his shoulder holster during the entire encounter with Wal-Mart employees. After the jury returned its guilty verdicts on the aggravated assault and shoplifting charges, the court conducted a bench trial on the charge of possession of a firearm by a convicted felon. The court heard evidence of Dennis' felony record and found him guilty on this charge.

1. In his first enumeration, Dennis claims the court erred in granting the State's motion in limine to prevent him from examining a detective regarding the charges that were originally filed against Dennis. This detective, who was never called as a witness by either party, apparently charged Dennis with "pointing a pistol" rather than the more serious offense of aggravated assault. This enumeration is without merit.

Insofar as Dennis claims he should have been allowed to *cross-examine* the witness on this issue, we know of no rule which required the State to call this detective as a witness. See *Lucear v. State*, 221 Ga. 572, 573 (3) (146 SE2d 316) (1965). Dennis did not call the detec-

tive as a witness and made no effort to proffer the testimony he claims was erroneously excluded. In fact, Dennis' attorney admitted at the hearing on the motion for new trial that he had not spoken with the detective and did not know to what facts the detective could testify. Therefore, Dennis cannot show any harm resulting from the trial court's exclusion of this testimony. *Hight v. State*, 221 Ga. App. 574, 575 (4), 576 (472 SE2d 113) (1996); *Wright v. State*, 216 Ga. App. 486 (2) (455 SE2d 88) (1995).

Addressing the merits, Dennis' own testimony shows the detective was not a witness to the incident, but rather was the officer to whom Dennis surrendered. The trial court ruled as irrelevant the reasons the detective originally charged Dennis with the lesser offense of pointing a pistol. Considering the overwhelming evidence against Dennis, including Dennis' testimony that he never pointed a pistol at anyone, the trial court's ruling was not clearly erroneous. See *Belt v. State*, 225 Ga. App. 813, 815 (3) (485 SE2d 39) (1997) (reasons an officer charged defendant with certain crimes irrelevant).

2. Dennis further argues that his counsel should have been allowed to comment, in closing argument, on the failure of the State to call this same detective as a witness. As Dennis correctly notes, after the trial court entered judgment in this case, the Supreme Court of Georgia held that defense counsel may comment on the State's failure to present certain witnesses. *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996). But even under *Morgan*, the trial court did not commit reversible error by limiting Dennis' argument because Dennis produced no evidence that the missing witness had "knowledge of material and relevant facts." Id. at 205 (3), 206.

Although the detective interviewed the victims and showed the witnesses a photographic lineup, no testimony at trial indicated he would have impeached the State's witnesses had he testified. Dennis claims he could have argued that the detective charged him with the lesser offense of pointing a pistol, which might have led the jury to find him guilty of that crime instead of aggravated assault. But considering that Dennis denied pointing a pistol at anyone, and the trial court properly excluded evidence that the detective charged him with this lesser crime, this argument was not relevant and not supported by evidence at trial. Because no showing was made that this missing witness had information relevant to the facts of this case, the trial court did not abuse its discretion in prohibiting this line of argument. See *Lucear v. State*, supra at 573-574 (cited with approval in *Morgan v. State*, supra). See also *Kendrick v. State*, 224 Ga. App. 72, 74 (6), 75 (479 SE2d 464) (1996).

*Case No. A97A0995*

3. Dennis appeals the court's denial of his motion for bond pending his appeal. "Because we have decided the main appeal, the appeal from the denial of bond pending post-trial relief is moot. [Cit.]" *Fenimore v. State*, 218 Ga. App. 735, 739 (463 SE2d 55) (1995).

*Judgment affirmed in Case No. A97A1335. Appeal dismissed in Case No. A97A0995. Beasley and Smith, JJ., concur.*

DECIDED MAY 8, 1997.

Before Judge Mallis.

*John C. Tyler*, for appellant.

*J. Tom Morgan, District Attorney, Niria L. Dominguez, Desiree S. Peagler, Assistant District Attorneys*, for appellee.