A98A2156. ANDERSON v. THE STATE.
(513 SE2d 235)

McMURRAY, Presiding Judge.

Defendant Anderson appeals his conviction of one count of aggravated assault and two counts of armed robbery. *Held*:

1. Defendant was charged in a seven-count indictment with offenses arising from three incidents separated in time by two weeks or more. On defendant's motion for severance, a separate trial was granted as to the two most recent offenses which occurred on June 22, 1995. These were Count 1, charging a robbery of victim Morgan by use of force, and Count 2, an obstruction of a law enforcement officer charge arising in connection with defendant's arrest on the same day. Defendant enumerates as error the trial court's refusal to

sever for trial purposes the charges arising from the two remaining incidents.

The charges tried together included an armed robbery and an aggravated assault alleged to have been perpetrated upon Kelvin Evans on May 10, 1995. The State's case was based on evidence that at approximately 1:00 a.m., Evans drove himself to "a rolling store" located on a street in Bowen Homes. Evans got out of his car and was accosted by defendant, who was accompanied by his brother and another individual. Defendant made no attempt to conceal his identity, and Evans recognized him from seeing him around the neighborhood. After some cursing and name calling, defendant pulled a handgun and robbed Evans before shooting him, causing a wound in the thigh.

Defendant was also charged with armed robbery of victims Bailey and Williams on May 24, 1995, and with aggravated assault upon Williams. This incident was a daytime home invasion of an apartment at Bowen Homes during which defendant was aided by one accomplice. In this instance the robbers attempted to conceal their identities. Nonetheless, Williams attempted to foil the robbery and scuffled with defendant, partially removing his mask so that she was able to identify defendant at trial. Bailey also recognized defendant as she knew him from the neighborhood. Defendant shot Williams in the thigh, took the victims' money, and fled with his accomplice.

" 'Two or more offenses may be tried together if they: "(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." (Cits.)' *Gober v. State*, 247 Ga. 652, 653 (1) (278 SE2d 386). 'Where two or more offenses are joined only because they are of the same or similar character, the trial court, upon motion of the defendant, must order separate trials for each of the offenses. (Cit.) But when they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, ". . . the court in the interest of justice *may* order that one or more of such charges be tried separately." (Cit.)' (Emphasis in original.) Id.; compare *Matula v. State*, 264 Ga. 673, 675 (4) (449 SE2d 850). Moreover, " '(w)here . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance." (Cit.)' *Dennis v. State*, 263 Ga. 257, 260 (6) (430 SE2d 742)." *Morrow v. State*, 226 Ga. App. 833, 834 (1) (487 SE2d 669).

The partial denial of defendant's severance motion as to the two incidents which were tried together was authorized since these incidents were shown to be of a similar character and each would have been admissible to prove the other. Both incidents occurred not only

in the same county but in the same housing project two weeks apart. In both instances, the victims were robbed of money by a group of perpetrators of which defendant was conspicuously the aggressive leader, that is, the perpetrator who initiated and controlled the tenor of the encounters with the victims, the armed perpetrator, and the perpetrator who in each instance shot a victim, each time wounding the injured victim in the thigh.

Defendant was acquitted of the charges connected with the robbery of Kelvin Evans and maintains that he was convicted of the charges arising from the home invasion incident because the jury must have assumed, based on the number of charges against him, that he was guilty of something. Defendant also argues that he was harmed by having to give up his right to remain silent in order to present his defense to the charges arising from the Evans' incident.

However, it appears highly probable that the trial court's refusal to sever did not affect the result. Even if severed, the jury would have learned of the other incident via similar transaction evidence. And defendant's silence with regard to the home invasion incident would have only served to leave the victims' positive identification of him unrebutted. The trial court has wide discretion in severance motions, and the record fails to support defendant's contention that the trial court abused its discretion in the partial denial of his motion for severance.

2. Nor did the trial court err in admitting similar transaction evidence. The similar transaction witness testified as to an incident in Bowen Homes where he had seen defendant around the neighborhood and knew his first name but was not personally acquainted with him. This witness testified that his brother had gotten into a fist fight with defendant, that he along with others broke up the fight, that as he was walking away afterwards defendant approached him with a pistol, that he had gotten into a scuffle with defendant, and that defendant had shot him in the leg.

Defendant argues that the similar transaction evidence was introduced solely to impeach his character. At the pre-trial hearing, the prosecution offered the similar transaction evidence to show scheme, course of conduct and bent of mind along with defendant's propensity to use a firearm with little or no provocation. We find no error in the trial court's ruling that the prosecution had articulated an appropriate purpose for admitting the evidence. *McBee v. State*, 228 Ga. App. 16, 18 (1) (491 SE2d 97).

The evidence of the similar transaction does not reveal an incident so dissimilar as to preclude its admission. The similar transaction incident tends to show defendant's propensity to use a gun and may suggest some attempt by defendant to display a trademark injury to his victims since the victim of the similar transaction shoot-

ing along with the two victims of the aggravated assault charges tried were all shot in the left thigh. While the underlying incident in the similar transaction evidence was different in that it was not involved with an attempted armed robbery, the scuffle with the similar transaction witness was similar to that which occurred when victim Williams attempted to resist an armed robbery while the shooting of victim Evans involved even less provocation. *Willis v. State*, 214 Ga. App. 479, 480 (3) (448 SE2d 223).

3. The trial court did not err in limiting defendant's voir dire. "Voir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. *Whitlock v. State*, 230 Ga. 700 (198 SE2d 865) (1973). However, no question should require a response from a juror which might amount to a prejudgment of the case. *Jones v. Parrott*, 111 Ga. App. 750 (2) (143 SE2d 393) (1965). Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' *Lamb v. State*, 241 Ga. 10, 12 (243 SE2d 59) (1978)." *Waters v. State*, 248 Ga. 355, 363 (3) (283 SE2d 238). See also OCGA § 15-12-133; *Pinion v. State*, 225 Ga. 36, 37 (165 SE2d 708); *Stell v. State*, 210 Ga. App. 662 (1) (436 SE2d 806).

In the case sub judice, defendant was not permitted to ask "[i]s there anyone who believes that just because he's charged with two different offenses he must, therefore, be guilty" or "is there anyone who believes because he was involved in [trouble three years ago as shown by similar transaction evidence] that he must be guilty?" We find no abuse of discretion in the trial court's refusal to allow these questions which ask the jurors to prejudge the case.

4. " 'As a general rule, all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae.' *Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24). Where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded merely because it incidentally shows the commission of another crime. *Sapp v. State*, 184 Ga. App. 527, 528 (362 SE2d 406). Although evidence may incidentally put character in issue or may be prejudicial, it may be admitted if otherwise relevant. *Coney v. State*, 198 Ga. App. 272, 274 (401 SE2d 304)." *Hutson v. State*, 216 Ga. App. 100, 101 (5) (453 SE2d 130). Evidence which is "otherwise relevant" is that which is relevant to the issues on trial. See *DeCastro v. State*, 221 Ga. App. 83, 85 (1) (470 SE2d 748). Thus in *Crosby v. State*, 269

Ga. 434, 435 (3) (498 SE2d 62), a small amount of marijuana found on that defendant at the time of an arrest was held to be irrelevant to the issues in that murder trial. We do not view *Crosby* as standing for the proposition for which it is cited by defendant, that is, that circumstances surrounding an arrest other than for the crime for which a defendant is on trial are irrelevant and prejudicial.

Defendant was arrested due to the charges contained in one of the counts which was severed pursuant to defendant's motion. The second charge severed arose in connection with the arrest. Prior to admitting any evidence as to defendant's arrest, the trial court conducted a hearing during which the testimony to be submitted in regard to the arrest was limited. Consequently, the jury heard only that an officer went to an address to back up another on a 911 call and, based on information provided by witnesses, went to a certain apartment to find defendant where defendant attempted to flee. It was not error to allow an officer to testify concerning defendant's attempt to flee at the time of his arrest. *Claypool v. State*, 188 Ga. App. 642-643 (2) (373 SE2d 765). Furthermore, while the general rule permits admission of evidence establishing the commission of other crimes when such are within the circumstances connected with an accused's arrest (*Wright v. State*, 210 Ga. App. 616, 617 (436 SE2d 783)), the trial court imposed a more restrictive standard and did not allow the State to show that police went to Bowen Homes in response to a robbery call or that defendant was arrested because he was a robbery suspect. Nonetheless, the circumstances surrounding the arrest were properly admitted since defendant's flight was relevant to show his state of mind and consciousness of guilt. *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673); *Bixby v. State*, 234 Ga. 812, 813-814 (1) (218 SE2d 609).

Furthermore, the trial court did not err in permitting the prosecution to argue inferences from this evidence admitted at trial in closing argument. *McClain v. State*, 267 Ga. 378, 383 (3) (b) (1) (477 SE2d 814); *DeCastro v. State*, 221 Ga. App. 87-88 (3), supra. Contrary to defendant's argument, the prosecution argument was not based on evidence excluded by virtue of the partial grant of defendant's motion to sever, but consisted only of inferences which reasonably can be drawn from evidence properly admitted at trial.

5. Defendant argues, and the prosecution concedes, that the trial court erred in restricting defendant's closing argument so as to prohibit him from commenting on the prosecution's failure to produce certain witnesses. *Morgan v. State*, 267 Ga. 203 (476 SE2d 747); *Smith v. State*, 231 Ga. App. 68, 70 (2) (498 SE2d 561). Evidence was presented that another female named "Stacey" was present when defendant committed the armed robberies and aggravated assault of

which he was convicted and that the prosecution did not call this witness at trial.

Nonetheless, defendant has not shown that he was prejudiced by the denial of the opportunity for his counsel to comment on the prosecution's failure to call "Stacey" as a witness. The trial evidence controverts any argument that "Stacey" would have given exculpatory testimony since it was she who informed victim Williams of defendant's name after apparently recognizing him during the crimes. Under these circumstances, defendant has failed to show the requisite harm to reverse a conviction. *Smith v. State*, 268 Ga. 860, 861-862 (2) (494 SE2d 322); *Kendrick v. State*, 224 Ga. App. 72, 74-75 (6) (479 SE2d 464).

6. The severed offenses were Counts 1 and 2 on the indictment. Before the indictment was permitted to go out with the jury, it was redacted by removing the pages containing these counts and by blacking out portions of the cover page which referenced the severed offenses and also the names of witnesses on the severed counts as well as four similar transaction witnesses who did not testify. The jury was instructed that "Counts 1 and 2 are not before you and they are of no concern to you and you should draw no inferences either for or against the state or for or against the defendant or in any way. Those are just matters that have been removed totally from your consideration." Defendant maintains that the effect of the absent Counts 1 and 2, along with the blacking out with a marker made it apparent that additional criminal charges had been removed from the indictment thereby putting defendant's character in issue. However, we find the trial court's removal of all references to the severed charges along with instructions to the jury that they were to draw no inference from the redacting of the indictment to be sufficient to avoid any impermissible reflection on defendant's character. Defendant's reliance upon *Morrow v. State*, 229 Ga. App. 242, 245 (4) (493 SE2d 616), is misplaced as there is no indication that the indictment in that case was redacted.

The present case does not address whether an indictment should be redacted or which information should be removed, but involves the trial court's range of discretion with regard to the manner in which such is accomplished. Undoubtedly, the circumstances will vary widely, but we are aware of no requirement that a document be redacted in such a fashion as to obscure the fact that it has been redacted.

7. Pursuant to the trial court's grant of defendant's motion in limine, the prosecutor was ordered to instruct prosecution witnesses against making certain references regarding defendant's character, including to defendant being a member of a robbing crew. Thereafter, the prosecution rested its case without calling as a witness a police

detective assigned to the case. The police detective was called as a witness by the defense. When asked how victim Evans had said that he knew defendant, the detective answered that he said he knew him from the neighborhood. Defense counsel then inquired and established that this response was not contained in the detective's official report or handwritten notes. Defense counsel proceeded to ask the detective what victim Evans had actually told him, to which the detective replied: "He told me that he knew him from the neighborhood as being one of the robbery crew." Defense counsel objected and moved for mistrial, maintaining that the detective's response improperly placed defendant's character in issue and violated the trial court directions on the pre-trial motion in limine. The trial court denied defendant's motion for mistrial, cautioned the witness, and gave curative instructions to the jury. Defense counsel did not renew the motion for mistrial following the curative instructions and thereby waived appellate review of the denial of the motion for mistrial. *Weems v. State*, 268 Ga. 515, 516 (2) (491 SE2d 325); *Jones v. State*, 265 Ga. 84, 86-87 (5) (453 SE2d 716); *Warren v. State*, 232 Ga. App. 488, 491 (5) (502 SE2d 336); *Daniel v. State*, 224 Ga. App. 673, 676 (6) (482 SE2d 409).

In this regard we reject defendant's argument that any issue was preserved for appellate review by the colloquy between defense counsel and the trial court. Defense counsel opined that no curative instructions would be sufficient to remedy the allegedly improper introduction of evidence of defendant's character, yet preferred that such curative instruction be given rather than waived. There is nothing in the trial court's statement reaffirming that it was making defense counsel's objection part of the record along with her position that curative instruction could not remedy the basis for the motion for mistrial which excuses defense counsel from renewing the motion for mistrial after the instructions in order to preserve the issue for appeal. Nor could this be accomplished solely by defense counsel's statements.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 26, 1999.

*Avis K. Hornsby*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.